THE STATE, EX REL. KALDOR, APPELLANT, *v.* COURT OF COMMON PLEAS OF BELMONT COUNTY, APPELLEE.

[Cite as State, ex rel. Kaldor, *v.* Court (1984), 9 Ohio St. 3d 114.]

(No. 83-674—Decided February 1, 1984.)

*Mr. Clarence W. Kaldor, pro se.*

*Mr. Terry S. Easterwood,* special prosecutor, for appellee.

*Per Curiam.* As noted in *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141 [40 O.O.2d 141], mandamus is an extraordinary remedy, and the third paragraph of the syllabus therein states in part that when "* * * it is determined that the relator has a plain and adequate remedy in the ordinary course of the law by way of appeal, neither the Supreme Court nor the Court of Appeals has authority to exercise jurisdictional discretion but those courts are required to deny the writ." The exhaustion of the plain

and adequate remedies in the ordinary course of the law is a prerequisite to the issuance of such writ.

As to the adequacy of the remedy of appeal, appellant likens his situation with that involved in *State* v. *Mapson* (1982), 1 Ohio St. 3d 217. In *Mapson*, however, the trial court issued no findings of fact and conclusions of law which deprived both the postconviction petitioner and the appellate court of the grounds supporting the judgment and, hence, prevented meaningful review. Here, findings of fact and conclusions of law were issued and reasons were given for the restrictions imposed at the evidentiary hearing. Thus, the denial of postconviction relief by the trial court is susceptible to plain and adequate review by way of appeal.[1]

For reason of the foregoing, the judgment of the court of appeals, denying the writ, is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

---

[1] According to appellee, appellant has appealed the March 9, 1983 order of the trial court to the court of appeals.