OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio.  Attention:  Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE:  Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public.  The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

State ex rel. Jackson, Appellant, v. McMonagle, Judge, Appellee.
[Cite as State ex rel. Jackson v. McMonagle (1993),        Ohio St.3d      .]
Criminal law -- Mandamus to compel hearing on application for postconviction relief -- Writ denied when adequate remedy by way of appeal exists.
(No. 93-959 -- Submitted August 16, 1993 -- Decided October 13, 1993.)
Appeal from the Court of Appeals for Cuyahoga County, No. 65070.

Appellant, Theodore R. Jackson, Jr., sought a writ of mandamus in the court of appeals to compel appellee, Richard J. McMonagle, Judge of the Court of Common Pleas of Cuyahoga County, to hold a hearing on appellant's application for postconviction relief.  The court of appeals dismissed the petition, holding that appellee had no duty to hold a hearing.

This cause is before the court upon an appeal as of right.

Theodore R. Jackson, Jr., pro se.
Stephanie Tubb Jones, Cuyahoga County Prosecuting Attorney, and Elaine Welsh, Assistant Prosecuting Attorney, for appellee.

Per Curiam.  The decision of the court of appeals is affirmed.  Courts are not required to hold a hearing on all postconviction cases.  R.C. 2953.21(C).  Appeal is an adequate remedy at law.  State ex rel. Kaldor v. Court of Common Pleas of Belmont Cty. (1984), 9 Ohio St.3d 114, 9 OBR 339, 459 N.E.2d 517.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.