OPINION
Appellant, Warren K. Henness, appeals from the decision and entry of the Franklin County Court of Common Pleas overruling his petition to vacate or set aside judgment and/or sentence. For the reasons that follow, we affirm the judgment of the court of common pleas.
Appellant was convicted of aggravated murder with specifications and sentenced to death for the killing of Richard Myers, a fifty-one-year-old lab technician from Circleville, Ohio. Myers' body was found on March 25, 1992, in an abandoned water purification plant on Nelson Road. Myers had been bound and gagged, shot five times in the head, and cut on the neck. His left ring finger had been nearly severed several hours after his death.
This court affirmed appellant's convictions and sentence of death. State v. Henness (Feb. 6, 1996), Franklin App. No. 94APA02-240, unreported (1996 Opinions 304). On March 13, 1996, appellant filed a notice of appeal with the Ohio Supreme Court. The record reflects that the eleven volumes of the transcript were charged out to "Ct. of Appeals" on March 26, 1996. (Record at 318.) On June 18, 1997, the Ohio Supreme Court affirmed appellant's convictions and sentence of death. State v. Henness
(1997), 79 Ohio St.3d 53.
Meanwhile, on September 19, 1996, appellant filed a petition for post-conviction relief with the trial court. The state filed memoranda contra and, on March 4, 1997, the trial court, without holding an evidentiary hearing, rendered a decision and entry overruling appellant's twenty-four claims for relief. The trial court concluded that appellant's constitutional claims and claims of ineffective assistance of counsel were barred by the doctrine of res judicata. The trial court further found that appellant's claim that the sentencing provisions of Senate Bill No. 2 should apply to his case was without merit.
Appellant appealed assigning as error the following:
Assignment of Error One
 Where the decision reveals that the trial court did not review the entire record to make a reliable determination as to whether a post-conviction petition contains substantive grounds for relief, the decision must be reversed and remanded.
Assignment of Error Two
 The trial court errs in denying petitioner an evidentiary hearing when numerous claims in the petition demonstrate a hearing was statutorily and constitutionally required.
Assignment of Error Three
 When the trial court dismisses a petition in post-conviction, without ordering discovery, the case must be remanded with an order permitting full discovery.
Assignment of Error Four
 When a trial court dismisses a post-conviction petition on the basis of res judicata, the court commits prejudicial error when the claims in the petition require evidence outside the record to supplement that reviewed on direct appeal.
In his first assignment of error, appellant argues that the trial court improperly denied his petition for a hearing without conducting a complete review of the record. Specifically, appellant claims that there is no indication in the decision and entry stating the trial court had reviewed the case file. Appellant also claims that it appears from the record that the court file was in the Ohio Supreme Court while the postconviction petition was pending before the trial court. Appellant requests that this court remand the action to the trial court to consider his petition in light of the entire record.
The state counters that regularity in court proceedings is presumed unless the record affirmatively demonstrates otherwise. In addition, the state cites State v. Ishmail (1981),67 Ohio St.2d 16, for the proposition that a trial court need not review the entire record when claims are barred by the doctrine ofres judicata.
In considering the denial of a petition for postconviction relief without a hearing, R.C. 2953.21(A)(1) provides that:
 Any person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
Although the statute allows the petitioner to request an evidentiary hearing, such a hearing is not automatically required.State v. Jackson (1980), 64 Ohio St.2d 107, 110. The trial court must conduct an initial review of the record to determine whether to hold an evidentiary hearing. As set forth in the pertinent provisions of R.C. 2953.21:
 (C) * * * Before granting a hearing * * * the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * *
* * *
 (E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing * * *.
Thus, if a petition for postconviction relief does not allege facts which, if proved, would entitle the prisoner to relief, the trial court may so find and summarily dismiss the petition. State v. Perry (1967), 10 Ohio St.2d 175, paragraph two of the syllabus. Similarly, if the petition does allege such facts, but the files and records of the case negate the existence of facts sufficient to entitle the prisoner to relief, the trial court may so find and summarily dismiss the petition without a hearing. In such an instance, however, the finding of the court should specify the portions of the files and records which negate the existence of alleged facts that would otherwise entitle the prisoner to relief. Id. at paragraph three of the syllabus.
With respect to this court's standard of review, the Ohio Supreme Court has referred to a "meaningful" and "plain and adequate review" based upon the trial court's findings of fact and conclusions of law. State ex rel. Kaldor v. Court (1984), 9 Ohio St.3d 114,115. Consequently, the trial court must make findings of fact and conclusions of law explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision and to enable it to determine the ground on which the trial court reached its decision. State v. Clemmons (1989),58 Ohio App.3d 45.
When a petition is dismissed on res judicata grounds, the trial court should make and file findings of fact and conclusions of law, and where appropriate, should specify the portions of the files and records which establish the bar of resjudicata. State v. Lester (1975), 41 Ohio St.2d 51, 55; State v.Pocius (1995), 104 Ohio App.3d 18, 22.
In this case, the trial court determined: (1) that appellant had not submitted sufficient evidentiary materials to entitle him to a hearing; (2) the constitutional issues were barred by the doctrine of res judicata; and (3) the claim of ineffective assistance of trial counsel was not supported by or based on evidence outside the record. These findings, while lacking in detail, are sufficient for this court to understand the basis of the trial court's decision and to determine the grounds on which the trial court reached its decision.
While we are troubled by the implication from the record that the trial court did not have before it a complete transcript of appellant's trial, we are not persuaded that the trial court failed to review the record prior to denying the request for a hearing. Since the trial court dismissed the action on the face of the petition, we must determine as a matter of law whether the record contains competent, credible evidence to support its findings and conclusions. We shall address the merits of appellant's various claims in the remaining assignments of error. The first assignment of error is not well-taken and is overruled.
In his second assignment of error, appellant contends that several of his claims were supported by sufficient evidentiary material to warrant an evidentiary hearing. In particular, appellant contends claims two, three, four, five, thirteen, twenty-three and twenty-four of his postconviction petition state substantive grounds for relief. Appellant appears to concede that many of his claims are barred by res judicata, as he does not argue the trial court erred in dismissing those claims. Of the remaining claims, appellant argues that they can be grouped into three categories: those dealing with appellant's wife testifying for the state; the reopening of the mitigation portion of the trial; and the conflict which developed during the trial between appellant and his court-appointed counsel.
With respect to the claims dealing with appellant's wife's testimony, this court and the Ohio Supreme Court have extensively addressed these arguments on direct appeal. SeeHenness, supra, (1996 Opinions at 308-314); Henness, supra, at 56-61. Appellant, however, claims he has additional evidence outside the trial record that demonstrates substantive grounds for relief.
Evidence outside the record itself will not guarantee a right to an evidentiary hearing on petition for postconviction relief; to overcome the bar of res judicata, the evidence must show that the petitioner could not have appealed the constitutional claim based on information in the original trial record. State v. Combs (1994), 100 Ohio App.3d 90.
Here, appellant's lead trial counsel has stated through affidavit that he had contacted Tabatha Henness in Texas, and in conversations with her and a male friend:
 * * * I was told at various times that she did not want to return to Ohio, nor did she want to testify. It was my belief at the time, as it is today, that she was being forced to return and to testify. Part of that "coercion" was a subpoena mailed by the prosecution to her by ordinary mail in Texas, directing her to return to Ohio and appear as a witness in this case. I advised her that the subpoena did not comply with Sec. 2939.25, et. seq., Revised Code, for compelling attendance of out-of-state witnesses, and therefore was ineffectual as an order or requirement of any kind for her in this case.
 I suggested that she consult local counsel in Texas for an opinion, but it was my impression that she was totally intimidated by the prosecution, fearful of the consequences to her of not voluntarily returning, and obviously reluctant to seek or rely on other advice. [Bodiker affidavit at paragraph 3.]
Based on our review of the record, we conclude that the issue of whether Tabatha Henness was coerced into testifying against her husband was thoroughly explored at trial, and appellant's trial counsel was given every opportunity to and did ask the witness about possible coercion from the prosecution and the telephone conversations referenced above. (Tr. V, at 169-179.) We find nothing of substance in the trial counsel's affidavit that goes beyond issues that were thoroughly considered at both the trial and appellate level. Our review of the record, including the evidentiary materials supplied by appellant and the transcript of the trial, causes us to conclude that appellant has not demonstrated the existence of substantive grounds for relief.
Appellant next argues that the trial itself should have been reopened during the penalty phase after the case had been submitted to the jury to allow him to present two additional witnesses. Again, this issue was thoroughly explored on direct appeal, and appellant has not pointed to any evidence outside the record that indicates the trial court abused its discretion in denying the motion to reopen the case. See Henness, supra (1996 Opinions at 340-341).
Appellant next argues that the affidavits attached to the petition for postconviction relief "raise the issue of an actual conflict of interest that had created a deep and lasting problem between [appellant] and his two defense attorneys." (Appellant's brief at 8.) In his affidavit, lead trial counsel for appellant stated:
 4. Affiant further states that after the verdict of guilty by the jury, both counsel turned to the preparation of mitigation evidence and continued with efforts that had commenced before trial. At this point, the disagreements and conflicts of opinion between counsel and Mr. Henness, which had been developing throughout the case, came to full fruition and totally ruptured the attorney-client relationship. At the time, and now, I considered this to be an actual conflict, and a conflict which was irreparable, and further required that counsel withdraw from further representation in the case.
 5. All of these problems were immediately brought to the Court's attention in various ways, and at one point, the Court had a status conference and specifically sought the advice of other branches of the Court on the withdrawal issue, but very little, if any, of these proceedings were made a part of the record of the case. On January 10, 1994, counsel filed a formal motion to withdraw from the case, and as part thereof memorialized the earlier activities which had occurred as well as the reasons why withdrawal was necessary.
 6. The trial court clearly felt that the time and expense of bringing in new attorneys was unacceptable (and much of the argument in the Memorandum In Support was directed to this problem.) The trial court was also concerned about the possible speculation that successor counsel may also have difficulties with the petitions, and that the case would then be only further delayed.
 7. It is my opinion that the trial court relied totally on the financial factors and the time factors in its refusal to allow counsel to withdraw and did not consider the actual reasons and evidence presented for these purposes. As a result of this breach and conflict with the client, counsel were unable to present the mitigation evidence which we both considered to be substantially favorable to Mr. Henness.
The issue of appellant's dissatisfaction with his trial counsel was raised and extensively addressed on direct appeal. See Henness, supra, (1996 Opinions at 337-338); Henness, supra, at 65-66. Nothing in the affidavits submitted in support of the petition for postconviction relief supply any new information which, if proved, would entitle appellant to postconviction relief. The record reflects that between the guilt phase and the sentencing phase, the trial court and counsel conducted off-the-record discussions concerning the conflict between appellant and his counsel, see, i.e., Tr. Vol. IX, at 5, 7, 13. The substance of these discussions was addressed in the motion to withdraw, the memorandum in support of that motion, and the arguments of counsel. Nothing in the affidavits adds any new facts or arguments that were not already argued before the trial court, the court of appeals, and the Ohio Supreme Court. Counsel's assertion that problems and disagreements had been festering for some time is apparent from the record. As early as opening arguments, appellant expressed dissatisfaction with his counsel. (Tr. Vol. V, at 100-107.) Similarly, the trial court's decision to seek the advice of other branches of the court is not prejudicial error. A judge is permitted to consult with other judges to aid the judge in carrying out the judge's adjudicative responsibilities. Canon 3(B)(7)(c) of the Code of Judicial Conduct. The trial court expressed its concerns on the record about bringing in successor counsel, and there is nothing in the affidavits that raises any issues that were not or could not have been raised on direct appeal. (Tr. Vol. IX, at 33.)
Finally, in his reply brief, appellant raises the issue of erroneous jury instructions during the sentencing phase.
As an initial matter, we note that appellant's sixth claim for relief in postconviction concerns the jury instruction concerning the lesser included offense of murder in the guilt phase, and not the instructions relating to the choice between the death penalty and life in prison in the penalty phase. However, appellant did attach to his petition for postconviction relief a copy of the following instruction which, in pertinent part, states:
 * * * The existence of mitigating factors does not preclude or prevent the death sentence, if you find beyond a reasonable doubt that the aggravating circumstances outweigh the mitigating factors. However, if you are not convinced by proof beyond a reasonable doubt that the aggravating circumstances outweigh the mitigating factors, then you must choose one of the two live [sic] sentences.
 You shall sentence the defendant to death only if you unanimously find by proof beyond a reasonable doubt that the aggravating circumstances outweigh the mitigating factors.
 If you do not so find, you shall unanimously sign a verdict of either a sentence of life with parole eligibility after serving twenty full years of imprisonment or a sentence of life with parole eligibility after serving thirty full years of imprisonment. Verdict forms with these three options will be furnished to you. [Tr. Vol. X, at 222-223.]
Assuming that appellant actually raised this issue in his motion for postconviction relief, we find that it too is barred by principles of res judicata.
Appellant cites Mapes v. Coyle (C.A.6, 1999),171 F.3d 408, for the proposition that under current Ohio law, a capital jury cannot be required unanimously to reject the death penalty before considering a lesser sentence, and if the jury cannot decide or agree, then it is mandatory that the sentence be some form of life sentence. While appellant has set forth a correct summation of Ohio law, his claim is still barred by the doctrine of res judicata.
Mapes relied on an earlier Ohio Supreme Court decision,State v. Brooks (1996), 75 Ohio St.3d 148. In Brooks, the Ohio Supreme Court ruled that it was prejudicial error for the trial court to instruct the jury as follows: "`You are now required to determine unanimously that the death penalty is inappropriate before you can consider a life sentence.'" Id. at 159. The Ohio Supreme Court held that such an "acquittal first" instruction violated the Eighth and Fourteenth Amendments by creating a risk of an erroneous imposition of the death penalty by requiring the jury to determine unanimously that the death penalty is inappropriate before it could determine a life sentence. The Ohio Supreme Court decided Brooks on March 4, 1996, before appellant in this case filed his notice of appeal to the Ohio Supreme Court. Since the issue could have been raised in his appeal to the Ohio Supreme Court, the issue is barred by principles of res judicata.
Even if we were to consider Mapes to be an intervening decision from a controlling jurisdiction changing the law relied upon by this court or the Ohio Supreme Court, the jury instruction in this case is not an impermissible "acquittal first" instruction. In Mapes, the jury was instructed as follows:
 * * * That is, you must unanimously find that the State has failed to prove beyond a reasonable doubt that the aggravating circumstances of which the defendant was found guilty of committing outweigh the mitigating factors. In this event you will then proceed to determine which of two possible imprisonment sentences to recommend to the Court. [Emphasis sic.]
Here, nothing in the trial court's instruction specifically required the jury to unanimously reject the death penalty before it could consider life in prison. The second assignment of error is not well-taken and is overruled.
In his third assignment of error, appellant argues that he should have been granted permission to conduct civil discovery "to fully determine whether the claims stated in the initial petition have that degree of merit to warrant an evidentiary hearing." (Brief of appellant at 16.) We disagree.
Although a motion for postconviction relief is a civil case, the case is governed by the statutory procedures set out in R.C. 2953.21. R.C. 2953.21(C) expressly provides that the initial determination of whether a postconviction petition states substantive grounds is to be made based on the petition and any supporting affidavits, together with the case file and records. Therefore, a petitioner for postconviction relief is not entitled to discovery during the initial stages of a postconviction proceeding. State v. Gillard (June 22, 1998), Stark App. Nos. 1997CA00318 and 1997CA00410, unreported, citing State v. Loza
(Oct. 13, 1997), Butler App. No. CA96-10-214, unreported. The third assignment of error is not well-taken and is overruled.
In his fourth assignment of error, appellant contends his claims, particularly those dealing with ineffective assistance of trial counsel, are not barred by the doctrine of res judicata
because the record on appeal did not adequately provide for the trial court to adequately determine the claim.
As discussed in connection with appellant's second assignment of error, the affidavits attached to appellant's petition tend to be merely cumulative of issues discussed and determined at trial and on appeal. The fourth assignment of error is not well-taken and is overruled.
Based on the foregoing, appellant's four assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
DESHLER, J., concurs.
TYACK, J., dissents.