JOURNAL ENTRY and OPINION
Defendant, E'Yen T. Carnail, appeals the trial court's decision which denied his petition for post-conviction relief. Defendant argues that he was denied effective assistance of counsel. For the reasons below, the trial court's decision is affirmed.
On January 12, 1999, at the East Cleveland Police Department, Carnail signed a written statement in which he admitted that he had touched the vaginas of his minor female cousins, ages six years old and nine years old.
On February 11, 1999, Carnail was indicted by the grand jury on four counts of rape, two counts of kidnapping with sexual motivation specifications, and one count of gross sexual imposition. All counts included sexually violent predator specifications.
On February 18, 1999, Carnail pled not guilty to the indictment. Carnail's first attorney filed several motions on his behalf.
On May 3, 1999, Carnail withdrew his original plea of not guilty and pled guilty to two counts of rape, which were amended by deleting the sexually violent predator specifications. Counts three through seven were dismissed.
Carnail moved to withdraw his guilty plea, and on September 2, 1999, his motion was granted, and a trial date was set.
Carnail obtained a new attorney who filed a motion for discovery and motions to suppress. On November 3, 1999, Carnail's motions to suppress were denied, and he again pled guilty to two amended counts of rape. Carnail was sentenced to a term of ten (10) years to life, and stipulated to the sexual predator classification. No appeal was filed.
On February 22, 2000, Carnail filed a petition to vacate or set aside sentence, which the trial court denied. Findings of fact and conclusions of law were filed by the trial court.
Carnail raises three assignments of error, each alleging that he was deprived of his right to effective assistance of counsel. The first two assignments of error state as follows:
 I. APPELLANT WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL BY COUNSEL'S FAILURE TO ADEQUATELY PREPARE FOR TRIAL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 II. APPELLANT WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSEL'S FAILURE TO REQUEST A MOTION TO SUPPRESS AND FAILED TO PRODUCE WITNESSES IN VIOLATION OF APPELLANT'S FIFTH AND FOURTEENTH AMENDMENT OF RIGHT TO THE UNITED STATES CONSTITUTION.
The Ohio Supreme Court has stated that a trial court's denial of post-conviction relief is susceptible to plain and adequate review of the trial court's findings of fact and conclusions of law which supported the denial of relief. See State ex rel. Kaldor v. Court (1984),9 Ohio St.3d 114, 115, 459 N.E.2d 517. Consequently, the trial court must make findings of fact and conclusions of law explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision and to enable it to determine the ground on which the trial court reached its decision. State v. Clemmons (1989), 58 Ohio App.3d 45,568 N.E.2d 705.
A plain and adequate review of the trial court's findings of fact and conclusions of law supports the denial of Carnail's petition for post-conviction relief. The evidence submitted fails to support Carnail's contention that he was denied his constitutional right to effective assistance of counsel.
In his assignments of error, Carnail raises several complaints of ineffective assistance of counsel. He alleges that his trial attorney failed to reveal his trial preparation and strategies, failed to file a motion to suppress and failed to produce witnesses who would testify on his behalf.
The doctrine of res judicata bars a convicted defendant who was represented by counsel from raising, post-conviction, any claim of lack of due process that could have been raised at the trial, or on an appeal. State v. Cole (1982), 2 Ohio St.3d 112; 443 N.E.2d 169, citing State v. Perry (1967), 10 Ohio St.2d 175, 39 O.O.2d 189. Exceptions to this rule have been created when the issue involves a question of effective assistance of counsel Id. In the case at hand, the doctrine of res judicata does not bar the court from addressing the merits of Carnail's claims because it appears that Carnail was unrepresented by counsel during the period in which this issue could have been raised on direct appeal. See State v. Adamson (Mar. 23, 1995) Cuyahoga App. No. 67187, unreported, 1995 Ohio App. LEXIS 1076. Therefore, the trial court's review was not confined to the evidence dehors the record.
A petition for post-conviction relief will be granted only where the denial or infringement of constitutional rights is so substantial as to render the judgment void or voidable. See State v. Walden (1984),19 Ohio App.3d 141, 146, 483 N.E.2d 859; State v. Nelson (Sept. 21, 2000) Cuyahoga App. No. 77094, unreported, 2000 Ohio App. LEXIS 4279. Here, Carnail has failed to prove a substantial infringement of his constitutional rights.
The trial court properly applied the two-part test set forth in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674, in reviewing Carnail's claim of ineffective assistance of counsel.
Under Strickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show his lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient performance. State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, certiorari denied (1990),497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768, at syllabus. To show such prejudice, a defendant must prove that, but for his lawyer's errors, a reasonable probability exists that the result of the proceedings would have been different. Id. at paragraph two of the syllabus.
Judicial scrutiny of a lawyer's performance must be highly deferential. State v. Sallie (1998), 81 Ohio St.3d 673, 674,693 N.E.2d 267; State v. Williams (1991), 74 Ohio App.3d 686, 695,600 N.E.2d 298, 304, dismissed, motion overruled (1991) 62 Ohio St.3d 1463,580 N.E.2d 784. "`[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . .'" Bradley, 42 Ohio St.3d at 142,538 N.E.2d at 379-380, quoting Strickland, 466 U.S. at 689.
In regard to Carnail's allegation that his attorneys failed to file a motion to suppress on his behalf, the record shows that motions to suppress were filed by both of the attorneys who represented Carnail in this matter. Therefore, this claim is without merit.
Defendant also asserts the ineffective assistance of counsel when his trial counsel did not call as witnesses three individuals, i.e., Vivian Carnail, Jack Carnail and Sha'Yuma Rawls. This claim is also without merit. Decisions regarding the calling of witnesses are within the purview of defense counsel's trial tactics. State v. Coulter (1992),75 Ohio App.3d 219, 230, 598 N.E.2d 1324; State v. Mack, (Oct. 26, 2000) Cuyahoga App. No. 77459, unreported, 2000 Ohio App. LEXIS 4948. The mere failure to subpoena witnesses for trial is not a substantial violation of defense counsel's essential duty absent a showing of prejudice. Id. at 230; State v. Hunt (1984), 20 Ohio App.3d 310, 312, 486 N.E.2d 108; State v. Mitts (Sept. 28, 2000), Cuyahoga App. No. 76963, unreported.
In this case, defendant has not demonstrated prejudice. A review of the affidavits of Vivian Carnail and Sha'Yuma Rawls does not reveal that counsel was deficient in choosing not to call them and, had they been called, the outcome of the trial would have been different. No affidavit was submitted by Jack Carnail. Vivian Carnail's affidavit confirms that Carnail and the victims were in her home around the time of the incident. In fact, her testimony could have hurt the defense because she states in her affidavit that she was confined to the downstairs due to an injury, and that the victims were often in Carnail's upstairs bedroom. Therefore, the failure to call witnesses does not constitute ineffective assistance of counsel.
Additionally, Carnail argues that his attorney breached an essential duty by failing to reveal his trial preparation and strategies to Carnail or Carnail's sister. In support of this allegation, Carnail attaches the affidavit of Vivian Carnail, which alleges that Carnail's attorney would not provide her with information regarding Carnail's case. In not revealing information about Carnail's case to Vivian Carnail, the attorney did not violate an essential duty. Rather, he would have been violating an essential duty to his client if he had discussed the matter with her. See DR 4-101.
Carnail alleges in his own affidavit that his attorney failed to investigate his case or keep in contact with Carnail. The trial court found the affidavits supplied by Carnail to be specious and self-serving. The trial court did not err in determining that the affidavits lacked credibility as [a] trial court may discount self-serving affidavits from the petitioner or his family members. State v. Moore (1994), 99 Ohio App.3d 748, 651 N.E.2d 1319. Further, although a trial court should give deference to affidavits filed in support of a post-conviction relief petition, it may exercise its discretion when assessing the credibility of the affidavits. State v. Calhoun (1999),86 Ohio St.3d 279, 714 N.E.2d 905, paragraph one of the syllabus.
Therefore, Carnail's first and second assignments are without merit.
 III. APPELLANT WAS DEPRIVED EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSEL'S COERCIVE TACTICS TO EXTRACT A GUILTY PLEA FROM APPELLANT DENYING HIM HIS RIGHT TO A FAIR TRIAL AND DUE PROCESS OF THE LAW.
This court recently addressed this issue in State v. Hyde (Jan. 11, 2001), Cuyahoga App. No. 77592, unreported, in which we applied the Strickland test to an allegation of ineffective assistance of counsel in entering a guilty plea. See State v. Xie (1992), 62 Ohio St.3d 521, 524,584 N.E.2d 715, citing Hill v. Lockhart (1 985), 474 U.S. 52,106 S.Ct. 366, 88 L.Ed.2d 203. First, a defendant must show that his lawyer's performance was deficient and, second, that a reasonable probability exists that, but for his lawyer's errors, he would not have pleaded guilty. Xie, supra. Ordinarily, when a defendant enters a plea of guilty as part of a plea agreement, he waives all errors that may have occurred unless he can show that such errors prevented him from entering a knowing, voluntary and intelligent plea. State v. Barnett (1991),73 Ohio App.3d 244, 249, 596 N.E.2d 1101, citing State v. Kelley (1991),57 Ohio St.3d 127, 566 N.E.2d 658, paragraph two of the syllabus.
Carnail has not satisfied the first prong of Strickland because he has not shown that his lawyer's performance fell below an objective standard of reasonable representation. Carnail claims that he was coerced into entering a guilty plea. However, there is nothing in the record or in the affidavits attached in support of his petition for post-conviction relief to support that assertion. Additionally, an argument can be made that, due to Carnail's lawyer's efforts, the State amended two of the rape charges by deleting the sexually violent predator specifications, and nolled the remaining five counts. Carnail has failed to satisfy the first prong of Strickland.
Assuming, however, Carnail met the burden of proving his attorney erred in his representation, Carnail cannot prove that but for the error he would not have pled guilty, especially since Carnail had previously pled guilty to the same charges under the advisement of a different attorney. Notwithstanding Carnail's subsequent withdrawal of that earlier plea, the fact that the same advice was given by an another attorney supports the trial court's finding that Carnail's attorney's advice and conduct regarding the plea fell within the wide range of reasonable professional assistance. Bradley, supra.
Thus, Carnail's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J. and FRANK D. CELEBREZZE, JR., J., CONCUR.
 ____________________________ COLLEEN CONWAY COONEY, JUDGE