JOURNAL ENTRY AND OPINION.
{¶ 1} Relator, Peter C. Moore, requests that this court compel respondent judge to grant a hearing on Moore's petition for postconviction relief filed by relator in State v. Moore, Cuyahoga County Court of Common Pleas Case No. CR-252123 on August 24, 2001. Mandamus does not lie to compel a judge to hold a hearing on a petition for postconviction relief. State ex rel. Jackson v. McMonagle,67 Ohio St.3d 450, 1993-Ohio-143, 619 N.E.2d 1017. As a consequence, we will treat this action as a request by Moore to compel the court of common pleas to issue findings of fact and conclusions of law with respect to the petition for postconviction relief.
 {¶ 2} Respondent has filed a motion for summary judgment attached to which is a copy of the findings of fact and conclusions of law issued by respondent and received for filing by the clerk on March 20, 2003. Relator has not opposed the motion. Respondent argues that this action in mandamus is, therefore, moot. We agree.
 {¶ 3} In Wanner v. State, Cuyahoga App. No. 80607, 2002-Ohio-574, this court held:
"Additionally, the relator [Wanner] failed to support his complaintwith an affidavit specifying the details of the claim as required byLocal Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese,1996 Ohio App. LEXIS 6213 (Jan. 18, 1996) Cuyahoga App. No. 70077, unreported andState ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No.70899, unreported.
 "The relator has also failed to comply with R.C. 2969.25, whichrequires an affidavit that describes each civil action or appeal filed bythe relator within the previous five years in any state or federalcourt. The relator's failure to comply with R.C. 2969.25 warrantsdismissal of the complaint for a writ of mandamus. State ex rel. Zandersv. Ohio Parole Board (1998), 82 Ohio St.3d 421, 696 N.E.2d 594 and Stateex rel. Alford v. Winters (1997), 80 Ohio St.3d 285, 685 N.E.2d 1242.
 "The petition is also defective because it is improperly captioned.Wanner styled this petition as State of Ohio v. Anthony Wanner. R.C.2731.04 requires that an application for a writ of mandamus must be bypetition, in the name of the state on the relation of the personapplying. This failure to properly caption a mandamus action is sufficientgrounds for denying the writ and dismissing the petition. Maloney v.Court of Common Pleas of Allen County (1962), 173 Ohio St. 226, 19 OhioOp.2d 45, 181 N.E.2d 270. Moreover, the failure to caption the casecorrectly creates uncertainty as to the identity of the respondent. Thiscourt has held that this deficiency alone also warrants dismissal. Stateex rel. Larry Calloway v. Court of Common Pleas of Cuyahoga County,1997 Ohio App. LEXIS 706 (Feb. 27, 1997) Cuyahoga App. No. 71699, unreported;State ex rel. Samuels v. Cleveland Municipal Court (Nov. 22, 1994),Cuyahoga App. No. 67762, unreported; and State ex rel. White v.Villanueva (Oct. 6, 1993), Cuyahoga App. No. 66009, unreported."
Wanner, supra, at 2-3.
 {¶ 4} Likewise, in this action, Moore has not supported his complaint in mandamus with an affidavit complying with either Loc.App.R. 45(B)(1)(a) or R.C. 2969.25. This action is also captioned "Moore v.State." Each of these procedural defects provides a sufficient basis for denying relief in mandamus.
 {¶ 5} Accordingly, respondent's motion for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ Denied.
DIANE KARPINSKI, J., and SEAN C. GALLAGHER, J., concurs.