[Cite as *State v. Lewis*, 2011-Ohio-5224.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | |
| | : | | |
| Plaintiff-Appellee, | : | Case No: 10CA3181 | |
| | : | | |
| v. | : | | |
| | : | DECISION AND | |
| JOSEPH M. LEWIS, | : | JUDGMENT ENTRY | |
| | : | | |
| Defendant-Appellant. | : | File Stamped Date:  9-30-11 | |

APPEARANCES:

Joseph M. Lewis, pro se, Appellant.

Matthew S. Schmidt,[1] Ross County Prosecutor, and Jeffrey C. Marks, Ross County Assistant Prosecutor, Chillicothe, Ohio, for Appellee.

Kline, J.:

**{¶1}**     Joseph M. Lewis (hereinafter "Lewis") appeals the judgment of the Ross County Court of Common Pleas, which dismissed his petition for postconviction relief without a hearing.  In his petition, Lewis claimed that his trial counsel was ineffective for failing to call two specific defense witnesses.  And on appeal, Lewis contends that the trial court erred by dismissing his petition on the grounds of res judicata.  Because Lewis submitted sufficient evidence outside the record, we agree.  Next, Lewis contends that the trial court erred by dismissing his petition on substantive grounds.  We agree.  The trial court found that Lewis's proposed witnesses lacked credibility, but this finding

_____

[1] Michael M. Ater was the Ross County Prosecuting Attorney when this appeal was filed, and Mr. Ater participated in the briefing of this case.

is not supported by competent, credible evidence.  Accordingly, we find that that the trial court abused its discretion by dismissing Lewis's petition, and we reverse the judgment of the trial court.

I.

{¶2}     Lewis was convicted of robbery and sentenced to six-years in prison.  On direct appeal, we affirmed Lewis's conviction in *State v. Lewis*, Ross App. No. 09CA3123, 2010-Ohio-1338 (hereinafter "*Lewis I*").  Because *Lewis I* details both the robbery and Lewis's conviction, we will not repeat those facts here.  See id. at ¶2-11.

{¶3}     On January 21, 2010, Lewis filed a petition for postconviction relief.  In his petition, Lewis asserted several claims of ineffective assistance of counsel, including his claim that trial counsel was ineffective for failing to call Loretta Henry (hereinafter "Henry") and Malik Wahid (hereinafter "Wahid") as defense witnesses.  Lewis attached several affidavits in support of his petition.  In one of the affidavits, Lewis gave his eyewitness account of the supposed robbery.  Henry gave a similar eyewitness account in her own affidavit.  Essentially, both Lewis and Henry claimed that there was no robbery.  Instead, they claimed that the victim lost his money in a drug deal gone bad.

{¶4}     Lewis also submitted an affidavit related to Wahid's alleged testimony.  Wahid did not attest to this particular affidavit.  Instead, Lewis signed the notarized affidavit and, in his own words, claimed that "[t]his is what Malik Wahid would [have] testifie[d] to[.]"  The information in the Wahid-related affidavit matches the version of events given by Lewis and Henry.

{¶5}     In opposing Lewis's petition, the state noted the criminal records of Henry and Wahid.  The state claimed that "Henry was convicted of Aggravated Possession of

Drugs in May of 2009, prior to the date of the jury trial in this matter [and that] Wahid was convicted of five (5) counts of forgery in 2006." Motion to Dismiss Defendant's Petition at 7. Based on this, the state argued that "[t]rial strategy also likely played a role in any decision to not have these individuals testify. If each party were to testify, their felony records would be introduced as evidence." Id.

{¶6} On August 5, 2010, the trial court dismissed Lewis's petition without holding an evidentiary hearing. The trial court found that Lewis's petition "is barred by the doctrine of res judicata." August 5, 2010 Judgment Entry at 6. Additionally, the trial court found that Lewis's petition and evidentiary materials "do not establish substantive grounds for relief." Id.

{¶7} Lewis appeals and asserts the following two assignments of error: I. "The court below erred to the appellant's prejudice by holding that his criminal trial was not prejudiced by the ineffective assistance of counsel." And, II. "The court below erred to the appellant's prejudice by holding that his post-conviction relief petition was barred by *res judicata*."

II.

{¶8} The trial court did not hold a hearing before dismissing Lewis's petition for postconviction relief. Consequently, we will review Lewis's appeal under an abuse-of-discretion standard. *State v. Hicks*, Highland App. No. 09CA15, 2010-Ohio-89, at ¶10 (stating that "abuse of discretion is the most prevalent standard for reviewing the dismissal of a petition for postconviction relief without a hearing"). An abuse of discretion is more than an error of judgment; "it implies that the court's attitude is

unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

**{¶9}** "The post-conviction relief statute, R.C. 2953.21, provides a remedy for a collateral attack upon judgments of conviction claimed to be void or voidable under the Constitutions of the United States or Ohio." *State v. Bradford*, Ross App. No. 08CA3053, 2009-Ohio-1864, at ¶7, citing *State v. Hatton* (Aug. 4, 2000), Pickaway App. No. 00CA10. In order to prevail on a postconviction-relief petition, the petitioner must establish that he has suffered an infringement or deprivation of his constitutional rights. See R.C. 2953.21(A)(1); *State v. Calhoun*, 86 Ohio St.3d 279, 283, 1999-Ohio-102.

**{¶10}** A criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing. See *State v. Cole* (1982), 2 Ohio St.3d 112, 113; *State ex rel. Jackson v. McMonagle*, 67 Ohio St.3d 450, 451, 1993-Ohio-143. "Before granting a hearing on a petition * * *, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript." R.C. 2953.21(C).

**{¶11}** Indeed, R.C. 2953.21(C) imposes a duty on the trial court to ensure that the petitioner adduces sufficient evidence to warrant a hearing. *Cole* at 113; *State v. Weddington*, Lawrence App. No. 10CA19, 2011-Ohio-1017, at ¶9. "The court may dismiss a petition for post-conviction relief without a hearing when the petitioner fails to

submit evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief." *Bradford* at ¶10, citing *State v. Jackson* (1980), 64 Ohio St.2d 107, 111.

**{¶12}** In his petition for postconviction relief, Lewis made several different claims of ineffective assistance of counsel. But on appeal, Lewis focuses exclusively on his trial counsel's failure to call Henry and Wahid as witnesses. Therefore, we will address only Lewis's failure-to-call-witnesses claim.

A.

**{¶13}** For ease of analysis, we will review Lewis's second assignment of error out of order. In his second assignment of error, Lewis contends that the trial court erred by dismissing his petition on the grounds of res judicata. Because Lewis submitted sufficient evidence outside the record, we agree. (In resolving Lewis's second assignment of error, we have addressed only the arguments and evidence related to Henry. Thus, we need not address the competency or credibility of Lewis's Wahid-related evidence.)

**{¶14}** Lewis based his petition on ineffective assistance of counsel. As part of his argument, Lewis claimed that his attorney was ineffective for refusing to call Henry as a witness. "For a defendant to avoid dismissal of the petition by operation of res judicata, the evidence supporting the claims in the petition must be competent, relevant, and material evidence outside the trial court record, and it must not be evidence that existed or was available for use at the time of the trial." *In re B.C.S.*, Washington App. No. 07CA60, 2008-Ohio-5771, at ¶14, citing *State v. Lawson* (1995), 103 Ohio App.3d 307, 315 (other citations omitted). In support of his petition, Lewis submitted Henry's

affidavit, which contained Henry's eyewitness account of the supposed robbery. And according to Lewis, Henry's testimony could have changed the outcome of his trial.

**{¶15}** "Generally, the introduction in an R.C. 2953.21 petition of evidence *dehors* the record of ineffective assistance of counsel is sufficient, if not to mandate a hearing, at least to avoid dismissal on the basis of *res judicata*." *Cole* at 113; *State v. Rector*, Carroll App. No. 04 CA 810, 2005-Ohio-6944, at ¶10. Because Henry's affidavit constitutes evidence outside the record, Lewis could not have raised his failure-to-call-witnesses claim on direct appeal. Therefore, the trial court erred in dismissing this particular claim on res-judicata grounds. See, e.g., *State v. Goza*, Cuyahoga App. No. 91085, 2008-Ohio-6493, at ¶27 ("Because [the petitioner's] medical records and [a doctor's] letter are evidence outside the record, the claim could not have been raised on direct appeal, and the trial court erred in dismissing this claim on the basis of res judicata."); *Rector* at ¶11 ("Appellant's postconviction relief theory depends upon the testimony of five witnesses who were not called to testify at trial, and who have knowledge of certain facts that were not made known at trial. Many of these facts were not in the record on direct appeal, and thus, could not have been used to support Appellant's earlier arguments of ineffective assistance of counsel.").

**{¶16}** Accordingly, as it relates to his failure-to-call-witnesses claim, we sustain Lewis's second assignment of error.

B.

**{¶17}** In his first assignment of error, Lewis contends that the trial court erred by dismissing his petition for postconviction relief on substantive grounds. As noted earlier,

Lewis claimed that his trial counsel was ineffective for failing to call Henry and Wahid as witnesses.

**{¶18}** "In Ohio, a properly licensed attorney is presumed competent and the appellant bears the burden to establish counsel's ineffectiveness." *State v. Norman*, Ross App. Nos. 08CA3059 & 08CA3066, 2009-Ohio-5458, at ¶65 (internal quotations omitted); see, also, *State v. Wright*, Washington App. No. 00CA39, 2001-Ohio-2473; *State v. Hamblin* (1988), 37 Ohio St.3d 153, 155-56, cert. den. *Hamblin v. Ohio* (1988) 488 U.S. 975. To succeed on an ineffective-assistance-of-counsel claim, one must show two things: (1) "that counsel's performance was deficient * * *[,]" which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[;]" and (2) "that the deficient performance prejudiced the defense * * *[,]" which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington* (1984), 466 U.S. 668, 687. See, also, *Norman* at ¶65. "Failure to satisfy either prong is fatal as the accused's burden requires proof of both elements." *State v. Hall*, Adams App. No. 07CA837, 2007-Ohio-6091, at ¶11, citing *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, at ¶205.

### 1. Evidence Related to Wahid's Potential Testimony

**{¶19}** Initially, we note that the trial court did not consider the evidence related to Wahid's potential testimony. As the trial court found, "[T]he information provided by Petitioner attached to the Petition concerning statements of Malik Wahid are not in the form of an affidavit. Therefore, they will not be considered." We, however, disagree

with this finding. Although the record is somewhat confusing, we believe that Lewis's Wahid-related evidence is in the form of an affidavit.

**{¶20}** Black's Law Dictionary defines an "affidavit" as "[a] voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary (9th ed.2009). And here, Lewis submitted his own written statement, wherein he declared that "[t]his is what Malik Wahid would testifie [sic] to[.]" Then, Lewis described a version of events that differed from the version of events presented at his trial. Granted, Lewis's submission is all hearsay, but the document *is* in the form of an affidavit – the document contains both a notary seal and the signature of the notary public.

**{¶21}** The trial court could have found that Lewis's Wahid-related affidavit lacked credibility for any number of reasons. For example, Lewis's affidavit contains nothing but hearsay. See *Calhoun* at 285. Additionally, as the affiant, Lewis is interested in the success of his petition. Id. And finally, Lewis drafted multiple affidavits that contain similar language. Id. Nevertheless, in the proceedings below, the trial court discounted Lewis's Wahid-related affidavit for an incorrect reason. Because of this, we find that the trial court abused its discretion by not considering the evidence related to Wahid's potential testimony.

2. Witness Credibility

**{¶22}** In considering Lewis's failure-to-call-witnesses claim, the trial court found the following: "Trial counsel was not ineffective in refusing to call the Petitioner's two purported witnesses, Malik Wahid and Loretta Henry. As pointed out by the State, both Wahid and Henry have extensive criminal convictions including drug offenses. *The*

*credibility of these witnesses is tainted by these convictions.* [T]rial counsel is granted great leeway in formulating a trial strategy." August 5, 2010 Judgment Entry at 7 (emphasis added). Essentially, the trial court found that Lewis's trial counsel engaged in a reasonable trial strategy because Henry and Wahid would not have been credible witnesses.

**{¶23}** Here, we acknowledge that "appellate courts will not review, for purposes of ineffective assistance claims, trial 'strategy,' even if that trial strategy proves to be ultimately unsuccessful." *State v. Keck*, Washington App. No. 09CA50, 2011-Ohio-1643, at ¶67 (citations omitted). We also acknowledge that "[t]he failure to call a witness to testify ordinarily is a matter of trial strategy that will not be second-guessed by a reviewing court." *State v. Clinard*, Clark App. No. 2010 CA 13, 2011-Ohio-876, at ¶51 (internal quotation omitted). Nevertheless, in the present case, we must find that the record does not support the trial court's lack-of-credibility finding.

**{¶24}** When considering a petition for postconviction relief, "[t]he Supreme Court of Ohio has stated that we should conduct a 'plain and adequate review' based upon the trial court's findings of fact and conclusions of law. *State ex rel. Kaldor v. Court of Common Pleas of Belmont Cty.* (1984), 9 Ohio St.3d 114, 115. Thus, we must determine whether the trial court's findings are supported by competent, credible evidence in the record. *State v. Isham* (Aug. 23, 1995), Montgomery App. No. 15136[.]" *State v. Fuller* (Nov. 21, 1995), Athens App. No. 95CA1653. Here, the trial court based its lack-of-credibility finding on the criminal records of Henry and Wahid. As the state noted, "Henry was convicted of Aggravated Possession of Drugs in May of 2009, prior to the date of the jury trial in this matter[, and] Wahid was convicted of five (5) counts of

forgery in 2006." Motion to Dismiss Defendant's Petition at 7. However, the record contains *no evidence* of either Henry's or Wahid's convictions. There are only the state's assertions about their criminal histories, and, in our view, the state's bare assertions do not constitute competent, credible evidence. See, generally, *State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Info. Network, Inc. v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, at ¶9 (rejecting an argument, in part, because a party provided no evidence "aside from the bare unverified assertions in their appellate brief"). As a result, we must find (1) that the record does not support the trial court's lack-of-credibility finding and (2) that the trial court abused its discretion by dismissing Lewis's petition on the failure-to-call-witnesses claim.

**{¶25}** Accordingly, as it relates to his failure-to-call-witnesses claim, we sustain Lewis's first assignment of error.

III.

**{¶26}** Having sustained both of Lewis's assignments of error, we find that the trial court abused its discretion by dismissing Lewis's petition for postconviction relief without an evidentiary hearing. On remand, the trial shall grant Lewis a hearing under R.C. 2953.21(E).

**{¶27}** Accordingly, we reverse the decision of the trial court and remand this cause for further proceedings consistent with this opinion.

**JUDGMENT REVERSED AND CAUSE REMANDED.**

Harsha, P.J., concurring:

**{¶28}**    In spite of my previous conclusion that a mixed standard of review is more appropriate to determine whether substantive grounds for relief exist, see *In re: B.C.S.*, Washington App. No. 07CA60, 2008-Ohio-5771, at ¶9, I now join my colleagues in applying the abuse of discretion standard of review here.  I do so because of my rereading of *State v. Calhoun*, 86 Ohio St.3d 279, at 284, which states, "the statute clearly calls for discretion in determining whether to grant a hearing, * * *."  Although it seems illogical to apply an abuse of discretion standard to determine whether a petition meets a certain legal standard, so be it.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE BE REMANDED for further proceedings consistent with this opinion.  Appellee shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.


Harsha, P.J..:  Concurs in Judgment and Opinion with Concurring Opinion.
Abele, J.:  Concurs in Judgment and Opinion.



For the Court


BY:_____
          Roger L. Kline, Judge



## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**