OPINION *Page 2 
{¶ 1} Appellant Eric D. Cloud appeals from the judgment of the Delaware County Common Pleas Court, whereby the trial court convicted appellant of one count of burglary, a felony of the second degree, following a bench trial. Appellee is the State of Ohio.
 {¶ 2} On April 20, 2006, the Delaware County Grand Jury indicted appellant on one count of aggravated burglary in violation of R.C. § 2911.11(A)(1), a felony of the first degree. Subsequently, appellant was arraigned, posted bond and was released on his own recognizance.
 {¶ 3} On July 13, 2006, appellant filed a waiver of jury trial and thereafter a bench trial was conducted. The prosecutor called six witnesses to the stand: four eyewitnesses and two Delaware City police officers who responded to the underlying incident.
 {¶ 4} The testimony adduced at trial was as follows. In the early morning hours of April 8, 2006, Delaware police were dispatched to an altercation at 275 Chelsea Street. Officers Jason Doty and Adam Willauer testified that upon their arrival they went inside the residence and observed a broken door, a hole in a wall, overturned tables and blood stains on the wall and furniture. There were four women inside the residence: Melissa Gillette, Latasha Page, Rachel Trew and Ann Spain; as well as one male, Thann Vigue. These individuals were upset and clearly shaken.
 {¶ 5} The witnesses explained that Mr. Vigue was the boyfriend of Ms. Trew and that they had come to Ms. Gillette's residence after patronizing the Red Rock bar. *Page 3 
 {¶ 6} Other male acquaintances of Ms. Gillette also had come to her residence, including appellant. At some later point, appellant was asked to leave the residence and he went out the back door. After he departed, Mr. Thann made a derogatory remark and the other male acquaintances started fighting with Mr. Thann. Appellant went around to the front door, kicked it in, striking Ms. Spain. He proceeded to overturn furniture and assault Ms. Trew by pulling her hair as she tried to break up the fight between Mr. Thann and the other males. Ms. Gillette and Ms. Spain further testified that appellant also struck Mr. Thann. The fight ended before the police arrived.
 {¶ 7} The defense did not present any witness testimony. By entry filed on July 14, 2006, the trial court found appellant guilty of the lesser included offense of burglary, a violation of R.C. §2911.12(A)(1).
 {¶ 8} On July 27, 2006, after appellant had obtained new counsel, a Motion for New Trial was filed. On August 17, 2006, appellee responded to this motion.
 {¶ 9} On August 28, 2006, the trial court sentenced appellant to two years in prison. This sentence was memorialized in a Journal Entry dated August 31, 2006.
 {¶ 10} On September 8, 2006, the trial court denied appellant's Motion for New Trial.
 {¶ 11} Appellant timely appealed raising the following assignments of error:
 ASSIGNMENTS OF ERROR {¶ 12} "I. THE CONVICTION FOR BURGLARY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 13} "II. THE CONVICTION WAS NOT SUPPPORTED [SIC] BY SUFFICIENT EVIDENCE. *Page 4 
 {¶ 14} "III. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT TO THE FEDERAL CONSTITUTION.
 {¶ 15} "IV. THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANTS [SIC] MOTION FOR A NEW TRIAL.
 {¶ 16} "V. THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS UNDER THE STATE AND FEDERAL CONSTITUIONS [SIC] BY USING PREVIOUSLY DISMISSED CRIMINAL ACCUSATIONS DETERMINING A GUILTY VERDICT."
 I., II. {¶ 17} Assignments of error I and II are interrelated and will be addressed together. Appellant argues his burglary conviction was not supported by the evidence. We disagree.
 {¶ 18} In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held:
 {¶ 19} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus. *Page 5 
 {¶ 20} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172,175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 21} Revised Code § 2911.12(A)(1) states in relevant part:
 {¶ 22} "(A) No person, by force, stealth, or deception, shall do any of the following:
 {¶ 23} "(1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense."
 {¶ 24} Appellant attacks the trial court's finding of guilt on the basis of the inconsistencies in the eyewitnesses' stories, their bias and level of intoxication. In reviewing the entire record, this Court finds several consistencies in the witnesses' testimony which are sufficient to support the crime for which appellant was convicted. *Page 6 
The trial court heard several eyewitnesses testify that Ms. Gillette told appellant to leave her apartment. T. at 57, 91,119 and 133. Further, the trial court heard testimony that appellant kicked in the door to Ms. Gillette's apartment. T. at 58, 93, 122 and 128. According to Ms. Gillette and Ms. Trew, appellant knocked a clock off the wall and flipped over a table. T. at 60 and 123. Appellant also grabbed Ms. Trew by the hair and dragged her across the room to prevent her from helping her boyfriend. Lastly, both Ms. Gillette and Ms. Spain testified appellant hit Mr. Thann. T. at 60, 62, 80, 95 and 98.
 {¶ 25} Based on this testimony alone there is enough evidence to support a conviction on the lesser included offense of burglary. The evidence demonstrated that appellant used force (breaking or kicking the front door) to trespass (he was asked to leave the premises) in an occupied residence with purpose to commit a crime (damaging property and assaulting the occupants).
 {¶ 26} We conclude the trial court, in resolving any conflicts in the evidence, did not create a manifest miscarriage of justice so as to require a new trial. We further conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant had committed the offense of burglary. Therefore, we conclude that appellant's conviction is not against the manifest weight of the evidence.
 {¶ 27} Appellant's first and second assignments of error are overruled.
 III. {¶ 28} In appellant's third assignment of error, he argues that he was denied effective assistance of counsel. Specifically, he alleges three instances of ineffective assistance of counsel: (1) the failure of his counsel to discuss the waiver of jury trial, *Page 7 
(2) the failure of his counsel to produce exculpatory evidence, and (3) the failure of his counsel to move the court for a Criminal Rule 29 directed verdict.
 {¶ 29} The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373.
 {¶ 30} First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect.
 {¶ 31} As stated above, this requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. Id. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998),81 Ohio St.3d 673, 675, 693 N.E.2d 267.
 {¶ 32} Appellant first argues his counsel failed to explain the ramifications of waiving a jury trial and that his waiver was not knowing and intelligent. R.C. § 2945.05 mandates that a waiver of jury trial shall be in writing, signed by appellant and filed as *Page 8 
part of the record. An appellant "need not have a complete or technical understanding of the jury trial right in order to knowingly and intelligently waive it." State v Bays, 87 Ohio St.3d at 20,716 N E.2d 1126, citing United States v. Martin (CA. 6, 1983), 704 .2d 267, 273. Nor is a trial court required "to interrogate an appellant in order to determine whether he or she is fully apprised of the right to a jury trial." State v. Jells (1990), 53 Ohio St.3d 22, 559 N.E.2d 464, paragraph one of the syllabus. Instead, "a written waiver, signed by the appellant, filed with the court, and made in open court, after arraignment and opportunity to consult with counsel" suffices.Jells, 53 Ohio St.3d at 26, 559 N.E.2d 464. See, generally, State v.Fitzpatrick, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 43-44. Furthermore, a written jury waiver is presumed to have been voluntary, knowing, and intelligent. United States v. Sammons (C.A.6, 1990), 918 F.2d 592, 597.
 {¶ 33} An appellant can knowingly and intelligently waive his right to a jury trial if he understands "that the choice confronting him [is], on the one hand, to be judged by a group of people from the community, and on the other hand, to have his guilt or innocence determined by a judge." Fitzpatrick, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 47;Sowell v. Bradshaw, 372 F.3d at 832.
 {¶ 34} In the case sub judice, appellant signed a jury waiver which was filed with the trial court. Presumptively, appellant made a voluntary, knowing and intelligent waiver under Sammons. Further, the trial court went through an extensive inquiry on the record. T. at 3-5. Appellant answered affirmatively to every question posed by the trial court regarding his understanding and voluntary waiver of his right to a jury trial. We *Page 9 
find the record demonstrates appellant made a voluntary and intelligent waiver of his right to a jury trial.
 {¶ 35} The decision of "[w]hether to try a case to the bench or to a jury is matter of trial strategy." State v. Grant, 2nd
Dist. No. 20909, 2006-Ohio-6821. Even debatable trial tactics do not establish the ineffective assistance of counsel. Dayton v. Turic, Montgomery App. 20149, 2005-Ohio-131, ¶ 14. Thus, we decline to call this trial strategy ineffective assistance of counsel.
 {¶ 36} Next, Appellant argues that his trial counsel failed to introduce certain phone records which may have been exculpatory. The gist of appellant's argument is that his cell phone records indicate a call from his cell phone was made near the time the police received a complaint regarding the disturbance at Ms. Gillette's residence. Appellant contends he was talking on his cell phone at the time of his alleged involvement in the altercation.
 {¶ 37} There are numerous ways to provide effective assistance of counsel, and debatable trial tactics and strategies do not constitute a denial of that assistance. State v. Clayton (1980), 62 Ohio St.2d 45,49, 402 N.E.2d 1189. This Court reviewed the phone records in question and it is not clear that the phone records are exculpatory in nature. The decision to introduce evidence falls within the realm of trial strategy and does not rise to the level of deficient performance on these facts.
 {¶ 38} Finally, appellant argues his counsel's failure to move for a Crim.R. 29 directed verdict.
 {¶ 39} In order to establish ineffective assistance of counsel, there must be a showing that counsel's performance fell below an objective standard of reasonable *Page 10 
representation and, in addition, that prejudice arose from counsel's performance. Failure to move for an acquittal under Crim.R. 29 is not ineffective assistance of counsel, where the evidence in the State's case demonstrates that reasonable minds can reach different conclusions as to whether the elements of the charged offense have been proved beyond a reasonable doubt, and that such a motion would have been fruitless. State v. Adams (August 24, 2001), Hamilton App. Nos. C-000388, C-000389, and C-000390. In ruling on a Crim.R. 29 motion for acquittal, the trial court is obligated to view the evidence in a light most favorable to the prosecution. State v. Miley (1996),114 Ohio App.3d 738, 648 N.E.2d 102, citing State v. Bridgeman (1978),55 Ohio St.2d 261, 263, 381 N.E.2d 184, 185.
 {¶ 40} In reviewing a challenge to the sufficiency of the evidence, we must determine whether any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found that the state had proven the essential elements of the crime beyond a reasonable doubt. See State v. Jenks (1991), 61 Ohio St.3d 259, 273,574 N.E.2d 492. As is clear from the above analysis, the standard for Crim.R. 29 motion is the same as the standard used in a challenge to the sufficiency of the evidence.
 {¶ 41} Based on our analysis of the sufficiency of evidence above, the elements were proved beyond a reasonable doubt. Accordingly, there was not ineffective assistance of counsel.
 {¶ 42} Appellant's third assignment of error is overruled. *Page 11 
 IV. {¶ 43} In his Fourth Assignment of Error, appellant argues that the trial court erred when it failed to grant his motion for a new trial based upon the irregularity of proceedings, newly discovered evidence and sufficiency of the evidence.
 {¶ 44} Motions for a new trial pursuant to Criminal Rule 33 are in the sound discretion of the trial court, and will not be reversed absent an abuse of discretion. State v. Schiebel (1990), 55 Ohio St.3d 71, 76,564 N.E.2d 54 (citations omitted). In order to show an abuse of discretion, more than an error of law or judgment is required; it must be shown that the trial court's attitude was unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144. To demonstrate error, the appellant must show both abuse of discretion and prejudice to his defense. State v. Brown, 5th Dist No. 2005CAA01002, 2005-Ohio-5639, citingBlakemore v. Blakemore, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 45} Appellant first argues there was an irregularity with the grand jury proceeding. He claims an alternate juror on the grand jury disliked him. The trial court reviewed the transcript of the grand jury proceedings provided by the State. T. at 158. The trial court was unable to determine if this juror even participated in the grand jury deliberations or voting. The trial court also reviewed appellant's affidavit and found "the evidence lacking." T. at 160. Based on the trial court's review of the evidence, this Court does not find the trial court abused its discretion.
 {¶ 46} Next, appellant argues the cell phone records were newly discovered evidence. To warrant the granting of a motion for a new trial on the ground of newly discovered evidence, it must be shown that "the new evidence (1) discloses a strong *Page 12 
probability that it will change the result of a new trial if granted; (2) has been discovered since the trial; (3) is such as could not in the exercise of due diligence have been discovered before the trial; (4) is material to the issues; (5) is not merely cumulative to former evidence; and (6) does not merely impeach or contradict the former evidence."State v. Petro (1947), 148 Ohio St. 505, 76 N.E.2d 370, syllabus. This evidence was not newly discovered. The trial court stated:
 {¶ 47} "All right, regarding the newly discovered evidence, that came up during the trial. So, obviously, that wasn't newly discovered, phone records. I have specific recollection of that being discussed at some point and I don't know how that certainly would impact the outcome of the trial." T. at 159.
 {¶ 48} The trial court correctly analyzed the phone records and determined the records were not newly discovered evidence. In addition, this evidence is of low probative value and would not likely change the result in this case.
 {¶ 49} Finally, appellant argues that a new trial should have been granted based upon the sufficiency of the evidence. As previously stated, we find the evidence was sufficient to support the conviction.
 {¶ 50} Appellant's fourth assignment of error is overruled.
 V. {¶ 51} In his fifth assignment of error, appellant asserts the trial court's conviction entered upon a finding that appellant violated R.C. § 2911.12(A)(1) violated his basic due process rights to receive adequate notice of the charge and a fair opportunity to defend the same. This Court agrees that due process mandates that a defendant *Page 13 
receives adequate notice of the charges against him and an opportunity to defend against same, however, we do not find those rights were violated in this case.
 {¶ 52} The indictment entered against appellant stated, in pertinent part:
 {¶ 53} "Eric D. Cloud did by force, stealth, or deception, trespass in 287 Chelsea Street, Apt F, an occupied structure, as defined in section2909.01 of the Revised Code, or a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender was present, with purpose to commit therein a criminal offense, and the said Eric D. Cloud inflicted, or attempted or threatened to inflict physical harm on Thann I. Vigue, this being in violation of Section 2911.11(A)(1) of the Ohio Revised Code."
 {¶ 54} R.C. § 2911.11(A)(1), aggravated burglary, reads:
 {¶ 55} "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply: (1) The offender inflicts, or attempts or threatens to inflict physical harm on another."
 {¶ 56} The trial court convicted appellant of the lesser included offense of burglary under R.C. § 2911.12(A)(1) which states:
 {¶ 57} "(A) No person, by force, stealth, or deception, shall do any of the following: (1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an *Page 14 
accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense."
 {¶ 58} The text of the indictment mirrors both R.C. § 2911.11(A)(1) and R.C. 2911.12(A)(1). Notice must set forth the alleged misconduct with particularity, such that defendants are given timely notice, in advance of the hearing, of the specific issues they must meet. State exrel. Johnson v. County Court of Perry County (1986), 25 Ohio St.3d 53,57-58, 495 N.E.2d 16. The Ohio Supreme Court has held that Criminal Rule 7(b) authorizes an indictment that tracks the words of the applicable statute. State v. Landrum (1990), 53 Ohio St.3d 107, 119,559 N.E.2d 170; see also State v. Murphy (1992), 65 Ohio St.3d 554, 583,605 N.E.2d 884. An indictment which fails to identify the precise underlying conduct is sufficient notice, so long as it tracks the language of the statute. Murphy, supra at 583. Additionally, courts cannot grant new trials based on imperfections or inaccuracy in indictments, if the charge fairly and reasonably informs the defendant of the essential elements of the crime. Landrum, supra.
 {¶ 59} The indictment clearly tracks the language of both O.R.C. § 2911.11(A)(1), setting forth the elements of aggravated burglary, and O.R.C. § 2911.12(A)(1), setting forth the elements of the lesser included offense burglary. Thus, the indictment gives defendant sufficient notice. Landrum, 53 Ohio St.3d, at 119. *Page 15 
 {¶ 60} The Fifth Assignment of Error is overruled.
 {¶ 61} The judgment of the Delaware County Court of Common Pleas is affirmed.
 By: Delaney, J. Gwin, P.J. and Hoffman, J. concur. *Page 16 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1