[Cite as *State v. Knauff*, 2014-Ohio-308.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 13CA976 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| TRAVIS KNAUFF, | : | **RELEASED: 01/28/14** |
| Defendant-Appellant. | : | |

<u>APPEARANCES</u>:

Travis Knauff, Chillicothe, Ohio, pro se appellant.

C. David Kelley, Adams County Prosecuting Attorney, and Kris D. Blanton, Adams County Assistant Prosecuting Attorney, West Union, Ohio, for appellee.

Harsha, J.

{¶1}  After being convicted of raping his then five-year-old daughter and sentenced to life in prison without parole, appellant, Travis Knauff, filed a petition for postconviction relief.  In his petition, Knauff claimed that his conviction and sentence is void or voidable because his trial counsel did not provide effective assistance of counsel when he failed to elicit testimony from Knauff's fiancée that would have explained the presence of Knauff's semen and another person's saliva in a hole in the bedroom floor of his residence.  The trial court dismissed Knauff's petition without conducting an evidentiary hearing.

{¶2}  The trial court did not abuse its discretion in denying the petition without conducting a hearing because the purported alternate explanation proffered by Knauff's fiancée conflicted with Knauff's own testimony.  Thus, it was within the wide range of reasonable representation as part of a sound trial strategy for Knauff's trial counsel to decide against introducing this evidence at trial.  Knauff's petition for postconviction

relief failed to set forth sufficient operative facts to establish substantive grounds for relief.

{¶3}    Therefore, we overrule Knauff's assignments of errors and affirm the judgment of the trial court dismissing his petition for postconviction relief without holding an evidentiary hearing.

## I.  FACTS

{¶4}    We presented the pertinent facts in Knauff's direct appeal from his conviction and merely summarize them in part here.  *See State v. Knauff*, 4th Dist. Adams No. 10CA900, 2011-Ohio-2725, appeal not accepted for review, 129 Ohio St.3d 1507, 2011-Ohio-5358, 955 N.E.2d 388.

{¶5}    Knauff was married to Alisha Knauff, but divorced before the time of the trial in the underlying case.  According to Alisha, their daughter, D.K., accused Knauff of molesting her at his trailer in Adams County when he had visitation with her.

{¶6}    After Alisha contacted the Adams County Sheriff's Department, a detective referred D.K. to a clinic at Cincinnati Children's Hospital for evaluation.  A social worker at the clinic recorded a one-hour interview with D.K. in which she stated that her father, Knauff, had engaged in sexual conduct with her in his bedroom, his living room, and in a "forest."  She revealed that she spit Knauff's "pee" into a hole in his bedroom floor.  A doctor then examined the child, but observed nothing unusual.  The doctor testified that he would not have expected to observe any physical signs of sexual contact because the incident occurred three months before the examination.

{¶7}    The social worker faxed a report of her interview with the child to the police detective, who obtained and executed search warrants for Knauff's residence.

The detective removed the portion of the floor containing the hole and a section of pink insulation underneath the hole.  The detective also obtained Knauff's DNA by swabbing his mouth.  The sheriff's office sent the evidence and DNA swabs of Knauff and D.K. to the Ohio Bureau of Criminal Identification (BCI) for analysis.

{¶8}   The BCI determined that the insulation seized from beneath the hole in Knauff's bedroom contained a combination of semen and amylase, a substance found in saliva.  This sample included a major DNA profile that matched Knauff's DNA and a minor DNA profile that could have come from as many as four different contributors.

{¶9}   An Adams County grand jury returned an indictment charging Knauff with one count of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, and a specification that the victim was less than ten years old.  Knauff entered a plea of not guilty and retained counsel.  The case was tried to a jury.

{¶10}  Because of her extreme fear, D.K. testified in the judge's chambers, with only the judge and the parties' counsel present, and her testimony was broadcast via closed-circuit television to the courtroom, where the jurors and Knauff remained.  D.K. testified that Knauff stuck his finger in her "pee pee" and her "butt," and that she spit his "pee" in a hole in the floor and the toilet.

{¶11}  The state also played the video-recorded forensic interview of the social worker with the child.  In the interview, D.K. described in detail the sexual abuse, including acts of digital penetration, cunnilingus, and fellatio.  She said that Knauff told her to swallow his "pee," but that she refused and instead spit it into the hole in his bedroom floor.  D.K. said that the abuse happened a lot and that sometimes other

people were in the trailer during the abuse.  She noted that Knauff's fiancée, Jerrylyn Younts, was always outside on the porch, smoking cigarettes.

{¶12}  The defense presented evidence that included Knauff's and Younts's testimony.  Knauff denied that any sexual abuse occurred and claimed that D.K. was a liar.  On cross-examination, Knauff admitted that he did not have a job and stayed at home during the month of June 2009, when D.K. said the abuse occurred. He did not dispute that the insulation located beneath the hole in his bedroom floor contained his semen.  On redirect examination, Knauff claimed that he masturbated into the hole after becoming aroused by seeing his fiancée in the shower.  Younts testified that Knauff was never alone with D.K. when she stayed with them at the trailer.

{¶13}  At the conclusion of the trial, the jury found Knauff guilty of rape and the accompanying specification.  The trial court entered a judgment sentencing Knauff on his conviction to life imprisonment without parole.

{¶14}  On appeal, Knauff was represented by different counsel and he argued that the trial court violated his right of confrontation by allowing the video-recorded statement of his daughter to be played at trial and by allowing his daughter to testify in camera rather than in open court.  We rejected Knauff's claims and affirmed the judgment of the trial court.  *Knauff*, 2011-Ohio-2725.

{¶15}  While his direct appeal was pending in this court, Knauff, through yet another attorney, filed a petition for postconviction relief in the trial court.  Knauff requested that the trial court declare his conviction and sentence to be void or voidable because his trial counsel did not provide him with effective assistance when counsel failed to elicit testimony from his fiancée, Younts, regarding an alternative explanation

for the presence of his semen and saliva on the insulation beneath the hole in his bedroom floor.  Attached to Knauff's petition was an affidavit of Younts in which she stated that:  (1) she had talked with Knauff's trial counsel several times before and during the trial; (2) during those conversations, Younts told the attorney that on several occasions between March and September of 2009, she performed oral sex on Knauff in his bedroom; (3) on those occasions, Knauff ejaculated in her mouth and she spit the semen into the hole of the bedroom floor, (4) during the trial, Knauff's attorney failed to ask her questions that would have allowed her to testify to these facts, and (5) if she had been asked to testify to this information, she would have done so.  The state filed a motion to dismiss the petition.

{¶16}  The trial court issued a detailed judgment, with findings of fact and conclusions of law, dismissing the petition without conducting an evidentiary hearing. The court determined that Knauff's allegation of ineffective assistance of counsel and resulting prejudice was not supported by sufficient operative facts to establish substantive grounds for relief.

## II.  ASSIGNMENTS OF ERROR

{¶17}   This appeal ensued, and Knauff assigns the following errors for our review:

### FIRST ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY DENYING POSTCONVICTION RELIEF
BASED UPON APPELLANT'S CLAIM OF INEFFECTIVE ASSISTANCE
OF COUNSEL THEREBY DENYING HIM RIGHT TO COUNSEL
GUARANTEED BY THE FIFTH, SIXTH AND FOURTEENTH
AMENDMENTS TO THE UNITED STATES CONSTITUTION AND
ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION.

### SECOND ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST FOR A HEARING PURSUANT TO R.C. 2953.21, THEREBY DENYING HIM DUE PROCESS AND EQUAL PROTECTION OF THE LAW IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

## III. STANDARD OF REVIEW

{¶18} The postconviction relief process is a collateral civil attack on a criminal judgment rather than an appeal of the judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). Postconviction relief is not a constitutional right; instead, it is a narrow remedy that gives the petitioner no more rights than those granted by statute. *Id.* It is a means to resolve constitutional claims that cannot be addressed on direct appeal because the evidence supporting the claims is not contained in the record. *State v. Sidibeh*, 10th Dist. No. 12AP-498, 2013-Ohio-2309, ¶ 8.

{¶19} "[A] trial court's decision granting or denying a postconviction relief petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58; *Calhoun* at 284 ("the [postconviction relief statute] clearly calls for discretion in determining whether to grant a hearing"); *State v. Lewis*, 4th Dist. Ross No. 10CA3181, 2011-Ohio-5224, ¶ 8, quoting *State v. Hicks*, 4th Dist. Highland No. 09CA15, 2010-Ohio-89, ¶ 10 (" 'abuse of discretion is the most prevalent standard for reviewing the dismissal of a petition for postconviction relief without a hearing' "). A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *Cullen v. State Farm Mut. Auto. Ins. Co.*, 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, ¶ 19.

**{¶20}** A criminal defendant seeking to challenge the conviction through a petition for postconviction relief is not automatically entitled to an evidentiary hearing. *Calhoun*, 86 Ohio St.3d at 282, citing *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982). Before granting an evidentiary hearing, the trial court must consider the petition, supporting affidavits, documentary evidence, files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript, to determine whether there are substantive grounds for relief. R.C. 2953.21(C). "Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth operative facts to establish substantive grounds for relief." *Calhoun*, 86 Ohio St.3d 279, at paragraph two of the syllabus; *see also State v. Slagle*, 4th Dist. Highland No. 11CA22, 2012-Ohio-1936, ¶ 14, quoting *State v. Bradford*, 4th Dist. Ross No. 11CA22, 2012-Ohio-1936, ¶ 10.

## IV.  LAW AND ANALYSIS

**{¶21}** Knauff's assignments of error collectively challenge the trial court's judgment dismissing his petition for postconviction relief without holding an evidentiary hearing. Knauff claims that his petition and the attached affidavit of his fiancée, Younts, set forth sufficient operative facts to establish grounds for relief—that he was denied the effective assistance of his trial counsel when he failed to elicit testimony from Younts providing an alternate explanation for the presence of his semen and another person's saliva on insulation beneath the hole in his bedroom floor.

**{¶22}** Criminal defendants have the constitutional right to counsel, which includes the right to the effective assistance of counsel. *Evitts v. Lucey* , 469 U.S. 387, 392, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) ("we have held that the trial-level right to counsel, created by the Sixth Amendment and applied to the States through the Fourteenth Amendment, * * * comprehends the right to effective assistance of counsel"); Article I, Section 10, Ohio Constitution.

**{¶23}** To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113; *Strickland v. Washington* , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Warren*, 4th Dist. Ross No. 12CA3324, 2013-Ohio-3542, ¶ 25-26. On the issue of ineffectiveness, the petitioner has the burden of proof because in Ohio, a properly licensed attorney is presumed competent. *Gondor*, 112 Ohio St.3d 377, at ¶ 62. Failure to satisfy either part of the test is fatal to an ineffective-assistance claim. *Strickland* at 697; *State v. Bradley*, 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989).

**{¶24}** For the first part of the test, the deficient performance requires that the defendant show that counsel's errors were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. *Calhoun*, 86 Ohio St.3d at 289, 714 N.E.2d 905, citing *Strickland* at 687. The United States Supreme Court has emphasized that judicial scrutiny of counsel's performance is highly deferential, dependent upon an evaluation from counsel's perspective at the time the conduct

occurred, and requiring the application of a strong presumption that counsel's conduct constituted sound trial strategy, even if ultimately unsuccessful:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

(Citations omitted.) *Strickland*, 466 U.S. at 689.

**{¶25}** Knauff contests his trial counsel's strategy to not question his fiancée about him ejaculating in her mouth during sex on several occasions during the pertinent time and her spitting his semen into the hole in his bedroom floor. "Debatable trial tactics generally do not constitute a deprivation of effective counsel." *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 192. "There are numerous ways to provide effective assistance of counsel, and debatable trial tactics and strategies do not constitute a denial of that assistance." *State v. Cloud*, 5th Dist. Delaware No. 06CA090068, 2007-Ohio-4241, ¶ 37. Questioning witnesses is manifestly within the realm of trial strategy, and "we will not question counsel's strategic decision to engage, or not to engage, in a particular line of questioning as these decisions are presumed to be the product of sound trial strategy." *State v. Davis*, 12th Dist. Butler No. CA2012-12-258, ¶ 25 (appeal from judgment dismissing petition for postconviction relief); *see also*

*Cloud* at ¶ 37 ("The decision to introduce evidence falls within the realm of trial strategy and does not rise to the level of deficient performance on these facts"); *In the Matter of Riley*, 4th Dist. Washington No. 03CA19, 2003-Ohio-4109, ¶ 21 ("Failing to question witnesses on cross examination and choosing not to present witnesses fall within the realm of trial strategy"); *State v. Messer-Tomak*, 10th Dist. No. 10AP-847, 2011-Ohio-3700, ¶ 32, quoting *State v. Treesh*, 90 Ohio St.3d 460, 490, 739 N.E.2d 749 (2001) ("counsel's decision about whether to call a witness generally 'falls within the rubric of trial strategy and will not be second-guessed by a reviewing court' ").

**{¶26}** Knauff's petition for postconviction relief did not overcome the strong presumption that his trial counsel's decision not to elicit the proffered testimony from Knauff's fiancée constituted reasonable trial strategy under the facts of the case. Knauff's trial counsel provided the jury with an explanation as to why Knauff's semen was found on the insulation underneath the hole in his bedroom floor—Knauff's testimony that he masturbated into the hole while watching his fiancée shower. In addition, trial counsel emphasized that the additional DNA found on the insulation in Knauff's bedroom did not match the DNA of either Knauff or his daughter.

**{¶27}** As the trial court detailed in its decision dismissing Knauff's petition for postconviction relief, "[t]he fact that defense counsel did not present an alternative explanation, that [Knauff's] fiancé[e] has spit his semen into the hole, was clearly a tactical decision not to present the jury with conflicting explanations offered by [Knauff] and his fiancé[e], that could potentially undermine [Knauff's] credibility." Significantly, Knauff did not attach his own affidavit to his petition corroborating his fiancée's account of their sexual conduct during the period in question. Nor does he suggest on appeal

that he would have confirmed her alternative explanation, even though he presumably would have witnessed the events specified in his fiancée's affidavit.

**{¶28}**  Moreover, although Knauff claims on appeal that if his counsel had elicited this testimony from his fiancée, any conflict could have been avoided by not calling Knauff to testify, his trial counsel could have justifiably determined that Knauff's testimony to defend himself against his daughter's allegations was crucial to his defense.  *See State v. Huber*, 8th Dist. No. 98128, 2013-Ohio-97, ¶ 9 ("A decision regarding whether to call a defendant to testify on his own behalf during the course of trial is a matter of trial strategy").

**{¶29}**  Finally, trial counsel could have reasonably concluded that presenting the evidence proffered by Knauff's fiancée would also have caused more harm because it would establish Knauff's sexual practice to ejaculate in the mouths of persons with whom he engaged in sex with, thereby corroborating his daughter's testimony concerning his rape of her.

**{¶30}**  Under these circumstances, Knauff did not present sufficient operative facts to establish that his trial counsel's performance was deficient for failing to question his fiancée about spitting his semen into the hole in the bedroom floor.  Thus, the trial court did not act in an unreasonable, arbitrary, or unconscionable manner by dismissing Knauff's petition for postconviction relief without holding an evidentiary hearing.

V. CONCLUSION

**{¶31}**  Therefore, we overrule Knauff's assignments of error and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & McFarland, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
      William H. Harsha, Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**