[Cite as *State v. Lawson*, 2015-Ohio-189.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DICTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 14CA5 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| CASPER LAWSON, | : | |
| Defendant-Appellant. | : | **RELEASED: 1/16/2015** |

<u>APPEARANCES</u>:

Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Ohio Assistant Public Defender, Columbus, Ohio, for appellant.

Anneka P. Collins, Highland County Prosecuting Attorney, and Ross Greer, Highland County Assistant Prosecuting Attorney, Hillsboro, Ohio, for appellee.

Harsha, J.

{¶1}    After a jury convicted Casper Lawson of two counts of rape of a child under thirteen years old and multiple other sexually oriented offenses, the court sentenced him to life in prison. On appeal Lawson claims that the trial court erred by permitting a forensic interviewer to vouch for two of the state's witnesses.  We reject Lawson's contention because the trial court did not commit error, much less plain error, in allowing the forensic interviewer to testify that based on her interviews with two of the child victims, she concluded that medical examinations were necessary.  The forensic interviewer did not give her opinion of the children's veracity.  Her testimony simply provided information that helped the jury to determine whether sexual abuse had occurred. And because the children testified and were subjected to cross-examination by Lawson's counsel at trial, the jury was able to independently assess their credibility. Thus, even if admission of the interviewer's testimony was improper, Lawson cannot

establish that without the interviewer's testimony, the outcome of the trial clearly would have been otherwise.

{¶2}    In his second assignment of error Lawson asserts that his trial counsel was ineffective because he failed to specifically object based on improper vouching to the forensic interviewer's testimony.  Because the challenged testimony did not constitute improper vouching, we reject Lawson's contention, i.e. Lawson cannot establish either deficient performance by counsel or prejudice.

{¶3}    Therefore, we overrule Lawson's assignments of error and affirm the judgment of the trial court.

## I. FACTS

{¶4}    F.K., a minor child, and her parents reported to the Highland County Sheriff's Department that she had been sexually abused by Lawson.  They produced Lawson's cellphone, which contained several photographs of naked children and children engaging in sexual conduct with adults.  After the police interviewed Lawson, they obtained and executed a search warrant of his camper and found a metal box with a VHS tape containing sexually graphic images of Lawson's daughter S.C., who had stayed at Lawson's home on several occasions.

{¶5}    Shortly thereafter, a Highland County grand jury indicted Lawson on two counts of rape, one count of gross sexual imposition, and twenty-four counts of illegal use of a minor in nudity-oriented material.  The two counts of rape related to his sexual conduct with F.K., who was approximately nine years old at the time of the offenses. The count of gross sexual imposition related to his sexual conduct with his daughter Z.C., who was approximately ten years old at the time of the offense.  One of the counts

of illegal use of a minor in nudity-oriented material related to his possession of the VHS tape showing S.C., who is Z.C.'s "half-sister" and was thirteen years old at the time, asleep with her shorts being pulled away to expose her vagina. The remaining counts related to images of child pornography on Lawson's cellphone.

{¶6} After Lawson pleaded not guilty and received appointed counsel, the matter proceeded to a jury trial. There the three minor children, F.K., Z.C., and S.C., testified in detail about Lawson's sexual misconduct and were subject to cross-examination by his trial counsel. F.K. testified that Lawson stuck his fingers inside her vagina about three times and that he put his penis into her vagina about five times. Lawson threatened he would kill and hurt her, her family, and her puppy if she told anybody. Lawson's minor daughter, Z.C., testified that Lawson had touched her private parts through her clothing and he had threatened to hurt her and her family if she told anyone. S.C. testified that she and Z.C. were sleeping over at Lawson's apartment when they were videotaped and that she did not give anyone permission to videotape her.

{¶7} During the trial Lawson's trial counsel objected to the testimony of Cecilia Freihofer, who is a licensed social worker employed as a forensic interviewer at the Mayerson Center for Safe and Healthy Children in Cincinnati Children's Hospital. Lawson's trial attorney claimed that any testimony by Freihofer about what the children told her during their interviews was inadmissible hearsay. The trial court determined that this testimony was admissible under the Evid.R. 803(4) exception for statements made for purposes of medical diagnosis or treatment. *See State v. Arnold*, 126 Ohio St.3d 290, 2010-Ohio-2742, 933 N.E.2d 775, paragraph two of the syllabus

("Statements made to interviewers at child-advocacy centers that are made for medical diagnosis and treatment are nontestimonial and are admissible without offending the Confrontation Clause"); *State v. Pence*, 12th Dist. Warren No. CA2012-05-045, ¶ 32 ("Hearsay statements made to a social worker may be admissible if they are made for purposes of medical diagnosis or treatment").

{¶8} Freihofer testified that when a child alleges abuse, the protocol is for her to interview the child to assess the need for medical care, e.g. a physical and mental-health examination. According to Freihofer, Z.C. reported to her that Lawson had touched and grabbed her vaginal area and had punched her in the arm when she tried to get him to stop. Z.C. complained about physical pain and stated that she often thought about killing herself. Based on the interview Freihofer "assessed that a medical exam was indicated because of her complaints of pain and being worried about her body, as well as further psychiatric assessment through [the] emergency department there at the hospital."

{¶9} Freihofer also testified that she interviewed F.K., who reported multiple incidents of sexual abuse by Lawson and indicated that she was worried about her physical condition and had daily thoughts about killing herself. Based on the interview Freihofer concluded that F.K. "was indicated for a medical exam, she was also worried about her body and then also after the medical exam [Freihofer] escorted her down to the emergency room also for further psychiatric evaluation."

{¶10} Lawson, the sole defense witness, denied that he had sexually abused any of the children. He said that F.K., Z.C., and S.C. were liars. He claimed that he had purchased the cellphone for S.C., but after he saw what he considered to be

inappropriate pictures on it, he put it in a plastic bag out of reach of the children.  He further claimed that he thought the VHS tape was something that had been recorded by Z.C. and he put it away without looking at what was on it.

{¶11}  The jury returned verdicts finding Lawson guilty of two counts of rape, one count of gross sexual imposition, and fifteen counts of illegal use of a minor in nudity-oriented material.  The trial court convicted Lawson of these offenses and sentenced him to two life terms of imprisonment for his rape convictions, to be served consecutive to each other and to the 225 months imposed for his remaining convictions.

{¶12}  This appeal followed some procedural steps that are not relevant to the merits of our decision.

## II. ASSIGNMENTS OF ERROR

{¶13}  Lawson assigns the following errors for our review:

1. The trial court erred by permitting a "forensic interviewer" to vouch for two of the State's witnesses.  Evid.R. 702 and 704; T.p. 156-7, 161-5.

2. Trial counsel was ineffective if his objection to the testimony of the forensic social worker was inadequate.  Evid.R. 702 and 704; Sixth and Fourteenth Amendments to the Constitution of the United States; T.p. 156-7, 161-5.

## III. LAW AND ANALYSIS

### Improper Vouching

{¶14}   In his first assignment of error Lawson asserts that the trial court erred by permitting a forensic interviewer to vouch for two of the state's witnesses—F.K. and Z.C.  Because Lawson did not raise this specific objection during the trial court proceedings, he forfeited all but plain error.  *State v. Knott*, 4th Dist. Athens No. 03CA30, 2004-Ohio-5745, ¶ 9, citing Evid.R. 103(A)(1) ("Because counsel's objection

did not apprise the court of this specific argument, we believe a plain error analysis of the issue is appropriate"), *see also* Painter and Pollis, *Ohio Appellate Practice*, § 1:34 (2014).

{¶15}  Appellate courts take notice of plain error " 'with the utmost caution, under exceptional circumstances and only to prevent a miscarriage of justice.' "  *State v. Mammone*, 139 Ohio St.3d 467, 2014-Ohio-1942, 13 N.E.3d 1051, ¶ 69, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.  To prevail, Lawson must show that an error occurred, that the error was plain, and that but for the error, the outcome of the trial clearly would have been otherwise.  *Mammone* at ¶ 69, citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002); *see also State v. Bethel*, 4th Dist. Jackson No. 13CA11, 2014-Ohio-3861, ¶ 11.

{¶16}  Lawson complains Freihofer, the forensic interviewer, testified that "both required additional medical services to treat them for sexual abuse." And he contends this constituted impermissible vouching for the minor children's truthfulness because Freihofer's testimony was based solely on what F.K. and R.C. told her during the interviews.  In his brief Lawson asserts that as an expert witness, Freihofer could not vouch for the credibility of the F.K. and Z.C. It has long been held that "[a]n expert may not testify as to the expert's opinion of the veracity of the statements of a child witness." *State v. Boston*, 46 Ohio St.3d 108, 545 N.E.2d 1220 (1989), syllabus.

{¶17}  Although Lawson contended at oral argument that Freihofer testified as a lay witness rather than as an expert witness, it is well-settled that neither lay nor expert witnesses are permitted to testify about the veracity of another witness.  *State v. Pawlak*, 8th Dist. Cuyahoga No. 99555, 2014-Ohio-2175, ¶ 113 ("lay witnesses are

prohibited from testifying as to another witness's veracity"); *see State v. Bowden*, 11th Dist. Ashtabula No. 2013-A-0040, 2014-Ohio-158, ¶ 43, and cases cited therein ("Ohio appellate courts have held that it is reversible error to allow a witness to testify or comment on the credibility of another witness"); *Boston* at 129, quoting *State v. Eastham*, 39 Ohio St.3d 307, 312, 530 N.E.2d 409 (H. Brown, J., concurring) (" 'In our system of justice it is the fact finder, not the so-called expert or lay witnesses, who bears the burden of assessing the credibility and veracity of witnesses' "). Moreover, it appears that even in the absence of the state qualifying Freihofer as an expert, in the absence of an objection she testified as one de facto. Based on the appellant's brief and the content of Freihofer's testimony, we conduct our review in the context of expert testimony.

{¶18} In *State v. Boston, supra* a defendant was convicted of gross sexual imposition for sexual contact with his two-year-old daughter.  The Supreme Court reversed the judgment affirming the conviction because the testimony of the two expert witnesses was improperly admitted over the defendant's objections.  The trial court had allowed a pediatrician who had examined the child to testify that the child had neither fantasized her abuse nor been programmed to make the accusations of abuse.  The trial court had also allowed a counselor who had examined the child to testify that the child had been telling the truth.  The Supreme Court reversed the conviction by holding that an expert may not provide an opinion of the veracity of the child victim's statements because it infringed upon the role of the jury to assess the credibility of the child's out-of-court statements when the child was unavailable to testify at trial.

{¶19} Lawson claims that the trial court thus erred in permitting Freihofer's testimony because "expert witnesses may not vouch for the credibility of alleged victims of sexual abuse," citing *State v. Schewirey*, 7th Dist. Mahoning No. 05 MA 155, 2006-Ohio-7054, and *State v. Knight*, 8th Dist. Cuyahoga No. 87737, 2006-Ohio-6437, which applied the Supreme Court's holding in *Boston*. However, Lawson's claims lack merit.

{¶20} First, " '[o]nly statements directly supporting the veracity of a child witness are prohibited under *Boston*[, 46 Ohio St.3d 108, 545 N.E.2d 1220].' " *State v. Cappadonia*, 12th Dist. Warren No. CA2008-11-138, 2011-Ohio-494, ¶ 18, quoting *State v. Cashin*, 10th Dist. Franklin No. 09AP-367, 2009-Ohio-6419, ¶ 20. Here, as in *Cappadonia* and *Cashin*, Freihofer did not testify about the truth of F.K.'s and Z.C.'s statements to her or vouch for their credibility.

{¶21} Instead, based on her forensic interviews of the minor children, Freihofer concluded that medical examinations and psychiatric evaluations were "indicated" because of the children's complaints concerning their physical condition and their thoughts of suicide. *See State v. Sopko*, 8th Dist. Cuyahoga No. 90743, 2009-Ohio-140, ¶ 35, citing *State v. Smelcer*, 89 Ohio App.3d 115, 623 N.E.2d 1219 (8th Dist.1993) ("a social worker's determination that [child sexual abuse] allegations are 'indicated' is not considered testimony regarding veracity"). And in fact, *Boston* does not prohibit an expert from opining that abuse occurred. It simply precludes the expert from giving an opinion on the veracity of the child's statements. *See Boston* at 128. The fact that Freihofer based the need for further evaluation solely upon her interviews with the children does not, ipso facto, amount to vouching for the veracity of the children's statements. During the interview Freihofer had the opportunity to observe the children's

behavior and speech patterns. Often the physical reactions to questioning provide important clues to determining whether the conduct alluded to in statements have a basis in fact. Because Freihofer did not express an opinion about the children's credibility, no improper vouching occurred. *State v. Davis*, 116 Ohio st.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 241 ("No improper vouching occurred because the prosecutor did not express any personal belief about the experts' credibility"); *In the Matter of J.M.*, 4th Dist. Pike No. 08CA782, 2009-Ohio-4574, ¶ 29-30, overruled in part on other grounds, *In re J.M.*, 127 Ohio St.3d 8, 2010-Ohio-4935, 935 N.E.2d 839.

**{¶22}** Moreover, *Boston* does not prohibit testimony that assists the fact finder in assessing the child's veracity. *See State v. Barnes*, 12th Dist. Brown No. CA2010-06-009, 2011-Ohio-5226, at ¶ 57 (expert testimony that victim's statements were "consistent with inappropriate sexual contact" was admissible and did not constitute improper vouching). Freihofer's testimony that she felt medical and psychiatric evaluations were "indicated" did not usurp the role of the jury. Rather it gave the jury information that helped it make an educated determination about whether sexual abuse had occurred. *See State v. Stowers*, 81 Ohio st.3d 260, 262-263, 690 N.E.2d 881 (1998)

**{¶23}** Third, even if we assume that Freihofer's testimony was improper, both F.K. and Z.C. testified at trial and were subjected to cross-examination by Lawson. Because of the children's detailed testimony, Lawson cannot establish that the outcome would have clearly been different had Freihofer's testimony been excluded. *See Pence*, 12th Dist. No. CA2012-05-045, 2013-Ohio-1388, at ¶ 44. The jury could have

independently assessed the credibility of these witnesses and had little difficulty in finding Lawson guilty based upon their testimony alone.  *Id.*

{¶24}  Therefore, the trial court did not commit error, much less plain error, by permitting Freihofer to testify that her forensic interviews of F.K. and Z.C. indicated the appropriateness of physical and psychiatric evaluations.  We overrule Lawson's first assignment of error.

Ineffective Assistance of Counsel

{¶25}  In his second assignment of error Lawson claims that if his trial counsel's objection to Freihofer's testimony was inadequate to preserve the issue for appeal, his counsel was ineffective.  Criminal defendants have the constitutional right to counsel, which includes the right to the effective assistance of counsel.  *Evitts v. Lucey*, 469 U.S. 387, 397, 105 S.Ct. 830, 83 L.Ed.2d 821; Article I, Section 10, Ohio Constitution.

{¶26}  To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Knauff*, 4th Dist. Adams No. 13CA976, 2014-Ohio-308, 2014 WL 346691, ¶ 23. The defendant bears the burden of proof because in Ohio, a properly licensed attorney is presumed competent. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 23. Failure to establish either part of the test is fatal to an

ineffective-assistance claim. *Strickland* at 697, 104 S.Ct. 2052; *State v. Bradley*, 42

Ohio St.3d 136, 143, 538 N.E.2d 373 (1989).

{¶27}  Based on our disposition of his first assignment of error, Lawson cannot

establish that his trial counsel was ineffective for failing to raise a specific objection that

lacked merit.  He has not rebutted the presumed competence of his trial attorney.

Moreover, he has not established a reasonable probability that the outcome of the trial

would have been different because of the detailed testimonial evidence submitted by

the child victims in the case.  We overrule Lawson's second assignment of error.

## IV. CONCLUSION

{¶28}  Having overruled his assignments of error, we affirm the judgment of

conviction and sentence.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J. & Abele, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
       William H. Harsha, Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**