[Cite as *State v. Huber*, 2013-Ohio-97.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98128**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JOSEPH HUBER

DEFENDANT-APPELLANT

# JUDGMENT:
# AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-548567

**BEFORE:** Keough, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** January 17, 2013

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square
Suite 1616
Cleveland, OH 44113-1901


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Marc D. Bullard
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

**{¶1}** Defendant-appellant, Joseph Huber, appeals from the trial court's judgment, rendered after a bench trial, finding him guilty of harassment with a bodily substance in violation of R.C. 2921.38(A). Finding no merit to the appeal, we affirm.

**{¶2}** Huber was indicted on one count of harassment with a bodily substance in violation of R.C. 2921.38(C), a third degree felony. He waived his right to a jury and the matter proceeded to a bench trial.

**{¶3}** State's witness attorney Rick Ferrara testified that on February 23, 2011, he met with Huber, his then-client, in a holding cell on the 23rd floor of the Justice Center prior to a resentencing hearing for Huber on another case. Huber and Ferrara were seated across from each other at a table. Ferrara testified that he and Huber were discussing his sentencing recommendations when Huber suddenly turned to him, narrowed his eyes, and spit at him across the table. Ferrara said some of the spit entered his mouth. According to Ferrara, Huber then stood up, said "I ain't taking no f—ing 25 years from no judge," and knocked on the door of the cell. The guard appeared almost instantly and opened the door, and Ferrara left the cell. Ferrara immediately advised the prosecutor what had happened and that he would withdraw as Huber's lawyer.

{¶4}   Following Ferrara's testimony, the state played an audiotaped recording of a conversation between Huber and his father while Huber was in jail.  In the recording, Huber admitted spitting on attorney Ferrara.

{¶5}   At the close of the state's evidence, the trial court granted Huber's Crim.R. 29 motion for acquittal with respect to R.C. 2921.38(C), but denied it with respect to R.C. 2921.38(A),[1] which provides that

> [no] person who is confined in a detention facility, with intent to harass, annoy, threaten, or alarm another person, shall cause or attempt to cause the other person to come into contact with blood, semen, urine, feces, or another bodily substance by throwing the bodily substance at the other person, by expelling the bodily substance upon the other person, or in any other manner.

A violation of R.C. 2921.38(A) is a fifth degree felony.

{¶6}   The trial court then took a short recess pending its decision.  Before the verdict was announced, defense counsel informed the court that Huber had advised him during the recess that he wanted to testify at trial; counsel explained that it was trial strategy not to have Huber testify.

{¶7}   The court found Huber guilty of violating R.C. 2921.38(A); it proceeded immediately to sentencing and sentenced Huber to time served.[2]

---

[1] The trial court found that R.C. 2921.38(A) is a lesser included offense of R.C. 2921.38(C). Huber does not raise the issue on appeal so we do not address it.

[2] The state does not challenge Huber's sentence on appeal.

**{¶8}** In his first assignment of error, Huber contends that his due process and other constitutional rights were violated because trial counsel did not allow him to testify in his own defense. This argument is without merit.

**{¶9}** A decision regarding whether to call a defendant to testify on his own behalf during the course of trial is a matter of trial strategy. *State v. Harrison*, 8th Dist. No. 57617, 1990 Ohio App. LEXIS 4522 (Oct. 18, 1990); *State v. Adkins*, 144 Ohio App.3d 633, 646, 761 N.E.2d 94 (noting that "the decision whether to call a defendant as a witness falls within the purview of trial tactics").

> Although the ultimate decision whether to testify rests with the defendant, when a tactical decision is made not to have the defendant testify, the defendant's assent is presumed. This is so because the defendant's attorney is presumed to follow the rules of professional conduct and is 'strongly presumed to have rendered adequate assistance' in carrying out the general duty "to advocate the defendant's cause and the more particular duties to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution."
>
> A defendant who wants to testify can reject defense counsel's advice to the contrary by insisting on testifying, communicating with the trial court, or discharging counsel. At base, a defendant must 'alert the trial court' that he desires to testify or that there is a disagreement with defense counsel regarding whether he should take the stand. When a defendant does not alert the trial court of a disagreement, waiver of the right to testify may be inferred by the defendant's conduct. Waiver is presumed from the defendant's failure to testify or notify the trial court of the desire to do so.

(Citations omitted.) *Gonzales v. Elo*, 233 F.3d 348, 356-357, 2000 U.S. App. LEXIS 29507 (6th Cir.2000).

**{¶10}** Here, defense counsel's decision to advise Huber not to testify was a tactical one based on trial strategy. Although after trial Huber may have regretted his decision to

acquiesce to his counsel's advice, the record indicates that he gave no indication whatsoever during trial that he disagreed with his counsel. Accordingly, Huber's assent to counsel's decision, and his waiver of his right to testify, is presumed. The first assignment of error is therefore overruled.

{¶11} In his third assignment of error,[2] Huber contends that his conviction was against the manifest weight of the evidence because the state failed to prove the mens rea element of the offense. Specifically, Huber contends there was no evidence that he spit at Ferrara "with intent to harass, annoy, threaten, or alarm" him, as required by R.C. 2921.38(A), because he only intended by his spitting to get Ferrara to remove himself from the case. Huber's argument is without merit.

{¶12} In reviewing a claim challenging the manifest weight of the evidence,

> [t]he question to be answered is whether there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (Citations omitted.)

*State v. Goss*, 8th Dist. No. 97348, 2012-Ohio-1951, ¶ 9, quoting *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 81.

{¶13} Here, Ferrara testified that as he and Huber were discussing Ferrara's recommendations regarding the resentencing hearing, Huber suddenly turned and spit at

---

[2]The second assignment of error was withdrawn.

him. Ferrara testified that as a result of the spitting, he immediately withdrew from Huber's case. The only reasonable inference from this evidence is that Huber spit at Ferrara with the intent to "harass, annoy, threaten, or alarm" him so that he would withdraw as his attorney. Accordingly, the trial court did not lose its way or create a manifest miscarriage of justice in finding Huber guilty of harassment with a bodily substance in violation of R.C. 2921.38(A). The third assignment of error is overruled.

{¶14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR