[Cite as *State v. Hardman*, 2024-Ohio-1866.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230295 |
| | | TRIAL NO. B-1404756 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| JEREMY HARDMAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: May 15, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Law Office of Eric J. Allen, Ltd.*, and *Eric J. Allen*, for Defendant-Appellant.

**ZAYAS, Judge.**

{¶1} Defendant-appellant Jeremy Hardman appeals the common pleas court's judgment denying his R.C. 2953.21 petition for postconviction relief. For the following reasons, we affirm.

## Background

{¶2} Following a traffic incident and an ensuing confrontation, Hardman shot and killed Anthony Griffin. He was convicted of murder and having a weapon while under a disability and sentenced to an aggregate prison term of 26 years to life. Prior to Hardman's jury trial, he rejected a plea offer from the state that included a 22-year prison term. At trial, Hardman claimed self-defense but exercised his right to not testify. Despite Hardman not testifying, the trial court instructed the jury, at Hardman's request, on the affirmative defense of self-defense and the inferior-degree charge of voluntary manslaughter.

{¶3} The evidence presented at trial was set forth in Hardman's direct appeal:

Hardman, driving a large SUV, allegedly almost hit Griffin and his sisters while they were driving to Griffin's fiancée's house. Griffin responded by yelling out his window at Hardman to watch the road.

Hardman followed Griffin to the house and stopped in front of it. He started yelling at Griffin through his passenger side window. One of Griffin's younger sisters was present, as were his fiancée and her two siblings. In the course of their argument, Hardman claimed that he knew Griffin. Griffin denied knowing Hardman, so Hardman turned on his dome light to show Griffin his face.

Hardman eventually drove away, and as he did, Griffin and the others proceeded toward the house. However, Hardman turned around and returned to the house. He then began arguing with Griffin again, this time through his driver's side window.

The verbal encounter escalated with people yelling and cursing. Throughout the encounter, Hardman was told to leave. While on the porch, Griffin was held back so that he could not approach Hardman's vehicle. Griffin then threatened that if Hardman did not leave, he would pull Hardman out of the vehicle. Griffin broke away and approached Hardman's vehicle in the street. Hardman raised a gun and fired two shots out of his driver's side window. He hit Griffin in the left side of his chest, near his armpit. The other bullet hit the back window of Griffin's car and lodged between the windshield and the dashboard. As Hardman sped away, Griffin died in the driveway. Griffin did not have a weapon.

\* \* \*

At trial, Hardman eventually conceded that he was the shooter, but argued that he acted in self-defense. Hardman presented evidence that Griffin was 6'2", weighed 366 pounds, had a blood-alcohol level of .119, and was belligerent and angry. Two witnesses confirmed that Griffin had threatened to pull Hardman out of his vehicle if he did not leave. And there was testimony that the neighborhood was dark, and that it would be difficult to see a weapon. However, the coroner testified that Griffin did not have any gunshot residue on him or any other physical evidence to demonstrate that he was shot at close range. Defense counsel, nevertheless, contended that Hardman feared for his life as Griffin rushed the car, and had shot Griffin in self-defense.

*State v. Hardman*, 1st Dist. Hamilton No. C-150549, 2016 Ohio App. LEXIS 3902 (Sept. 28, 2016). We affirmed Hardman's convictions and sentence on direct appeal, overruling challenges to the sufficiency and weight of the evidence.

**Postconviction Proceedings**

3

{¶4} In December 2016, Hardman filed a timely petition for postconviction relief setting forth four claims of ineffective assistance of counsel. Specifically, Hardman alleged that trial counsel was ineffective (1) when advising Hardman during plea negotiations; (2) for failing to call two witnesses; (3) for failing to introduce certain evidence; and (4) for preventing and/or advising Hardman not to testify at trial. Following an evidentiary hearing, at which Hardman and his trial counsel testified about the decision not to call Hardman as a witness, the trial court denied the petition, finding that all four claims were barred by res judicata. Hardman appealed, and this court reversed the lower court's judgment in part, holding that the claims based on trial counsel's advice regarding plea negotiations and the decision whether to testify at trial were based on evidence outside the record, and thus, were not barred by res judicata. *State v. Hardman*, 1st Dist. Hamilton No. C-210189, 2022-Ohio-3309. Accordingly, we remanded the matter to the common pleas court to consider the merits of those two claims.

{¶5} <u>Plea negotiations</u>. Hardman alleged in his petition that he had been denied the effective assistance of counsel during plea negotiations. He supported this claim with his own affidavit and the affidavits of his mother, brother, and girlfriend. In his affidavit, Hardman averred that he had told trial counsel that he wanted to accept the state's offer of 22 years because he was afraid that if he went to trial, he would lose and be sentenced to life. Hardman averred that he and trial counsel discussed his case and the plea offer several times and his counsel advised him to reject the offer because (1) Hardman would not be able to appeal the sentence he had agreed to and would serve the full 22 years, (2) the state's case was weak, and (3) two of the charged offenses were allied offenses of similar import. Finally, Hardman averred that trial counsel had convinced him that counsel could either obtain an acquittal or a conviction on an inferior-degree charge with a shorter prison term. Hardman stated that he did not have money to hire a

different attorney "so I decided to decline the plea offer on record * * * and trust my attorney to win or get a better deal at trial."

{¶6} Hardman's mother, brother, and girlfriend all averred in their affidavits that each had communicated with trial counsel and believed that Hardman only rejected the plea offer because trial counsel had convinced Hardman that he could "win." Hardman's mother also averred that she had advised Hardman not to accept the plea deal and go to trial because she could not afford another attorney; she stated that trial counsel had said he would withdraw as counsel if Hardman decided to accept the plea offer.

{¶7} Hardman did not present any testimony or other evidence on this claim at the evidentiary hearing.

{¶8} <u>Decision not to testify at trial</u>. Hardman claims he was denied the effective assistance of counsel, and consequently a fair trial, when counsel either prevented him from and/or advised him against testifying in his own defense at his trial. Hardman supported this claim with his own affidavit. He averred that he would have testified to the following at trial: (1) he knew Griffin and knew that he carried a gun; (2) he had "just wanted to hash it out" with Griffin because he knew he would see him again (at a car-club meeting) but that "this guy wasn't listening to me"; (3) he could not have pulled away from the curb when Griffin was rushing towards him because there was another car coming; (4) he was "afraid that [Griffin] would shoot me in the back or side of my head [and] I got so angry I just grabbed my gun off my waist and fired t[w]o rapid shots in the direct w[h]ere he was"; and (5) it was dark, and he was not sure if he hit "anything," so he left.

{¶9} At the evidentiary hearing held on the postconviction petition, Hardman maintained that his trial counsel's decision not to call him as a witness was unreasonable because Hardman's testimony as to his state of mind, specifically whether he had believed that he was in imminent danger of death or great bodily harm, was

5

necessary to prove the affirmative defense of self-defense. The state contended that Hardman's testimony was not necessary because his state of mind could be demonstrated by circumstantial evidence, and in fact had been through trial counsel's cross-examination of the state's witnesses, given that the trial court instructed the jury on self-defense.

{¶10} Trial counsel testified at the hearing that his strategy at trial was to show that Hardman's conduct was justified or that Griffin had provoked Hardman into shooting him. Trial counsel testified that after the trial judge informed the parties that she was inclined to give an instruction on self-defense and voluntary manslaughter, trial counsel requested a five-minute recess to speak with Hardman before he decided whether he was going to call any more witnesses. Trial counsel testified that he had told Hardman that he did not need to testify because the trial court was going to give the requested jury instructions and that Hardman's state of mind had been demonstrated through the testimony of others, i.e., that he reasonably feared great bodily harm because Griffin was a large man, drunk, angry, and had to be constrained and it had been difficult to see whether he had a weapon because it was dark outside. Trial counsel also testified that, in his professional opinion, Hardman would not be a good witness, because he was easily agitated and angered and could not explain why he had left the scene after the shooting instead of calling police, why he had hidden the car he had been driving, and why he had hidden the gun he had used. Trial counsel also testified that the Ohio Supreme Court had stated in an unrelated opinion that trial counsel was one of the most skilled attorneys in Ohio at cross-examination.

{¶11} Hardman testified that prior to the trial, he and trial counsel discussed him testifying and trial counsel had agreed to it. Hardman said that trial counsel had "rested" prior to informing Hardman that he did not need to testify and that is why he couldn't "object or make an outburst because the case had rested. He never gave me the opportunity to say that's not my decision." He testified that it was not his intent to waive

that right because he wanted to defend himself. He said he would have testified that he did not hide the car but had parked it in his girlfriend's garage. He then testified that trial counsel had prepared him to testify despite his criminal record and had talked to him about the potential weaknesses in his testimony.

{¶12} On remand, the trial court found that both claims lacked merit and denied Hardman's petition for postconviction relief. In its findings of fact and conclusions of law, the common pleas court found that trial counsel's testimony at the hearing was credible, and Hardman's was not. With respect to the decision not to testify, the court found that Hardman "did not object or express to the Court his desire to testify," concluding for that reason that Hardman had acquiesced to trial counsel's advice not to testify. Finally, the common pleas court concluded that counsel's performance was not deficient in advising Hardman not to testify as it was a reasonable tactical decision based on trial counsel's assessment that Hardman would be best served by not testifying and where trial counsel had already been successful in securing jury instructions on both self-defense and voluntary manslaughter. The court also concluded that Hardman was not prejudiced by not testifying as "there is no reasonable possibility his failure to testify contributed to his conviction" considering the evidence against him.

{¶13} With respect to whether trial counsel was ineffective in advising Hardman to reject the state's plea offer, the common pleas court found that trial counsel had investigated the case, conveyed the plea offer without misrepresenting the law, had discussions with Hardman and family members, believed a defense of self-defense was meritorious, and advised Hardman that the plea offer was not favorable. The court also found that Hardman had admitted in his affidavit that he had decided to trust his trial counsel and reject the offer. Finally, the court concluded counsel's performance was not objectively unreasonable because "an erroneous strategic prediction about the outcome of a trial is not deficient performance." The court also concluded that Hardman did not

demonstrate prejudice because the sentence he received was close to the time he would have served if he had accepted the plea offer.

{¶14}  Hardman now appeals the denial of his postconviction petition, bringing forth two assignments of error, contending that the common pleas court abused its discretion in determining that Hardman had not demonstrated ineffective assistance of counsel.

## Analysis

{¶15}  A trial court's decision granting or denying a R.C. 2953.21 petition for postconviction relief should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence.  *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58.

{¶16}  To prove ineffective assistance of counsel, a postconviction petitioner must demonstrate (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced him.  *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).  To establish prejudice, the petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.  "A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other."  *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000).

### Decision to Testify

{¶17}  In his first assignment of error, Hardman maintains that the common pleas court abused its discretion when it concluded that trial counsel was not ineffective with respect to preventing or advising Hardman from testifying in his own defense.

{¶18} "Whether a defendant testifies at trial is an important tactical decision as well as a matter of constitutional right." *Brooks v. Tennessee*, 406 U.S. 605, 612, 92 S.Ct. 1891, 32 L.Ed.2d 358 (1972); *Rock v. Arkansas*, 483 U.S. 44, 51, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987) (holding a defendant in a criminal case has the due-process right to take the witness stand and to testify in his or her own defense). A defendant who wants to testify can reject defense counsel's advice to the contrary "by insisting on testifying, communicating with the trial court, or discharging counsel." *United States v. Webber*, 208 F.3d 545, 550-551 (6th Cir.2000). Unless a defendant notifies the trial court of his or her desire to testify, the right to testify is waived. *State v. Huber*, 8th Dist. Cuyahoga No. 98128, 2013-Ohio-97, ¶ 9-11.

{¶19} Here, the common pleas court found that Hardman had not communicated his desire to testify to the trial court and thus, concluded that Hardman had "acquiesced to [trial counsel's] decision to not call him" as a witness. But Hardman argued at the evidentiary hearing that he did not acquiesce and could not do so because he did not learn of trial counsel's decision not to call him as a witness until after counsel had rested the defense's case. But trial counsel testified to the contrary. He testified that once the trial court had indicated to the parties that it was likely to give an instruction on self-defense and voluntary manslaughter, he asked for a recess, which was granted, and then he discussed the matter with Hardman and advised him that he did not need to testify because the trial court was going to give the requested instructions. The common pleas court specifically found that trial counsel's testimony was credible in this regard, and Hardman's was not. As a reviewing court, we defer to the lower court's determination on witnesses' credibility. *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). And, here, the credibility determination is supported in the record. At trial, after both the discussion as to whether there would be a jury instruction on self-defense and the five-minute recess, the trial judge stated on the record, outside the presence of the jury, that she had called counsel into chambers to discuss the

9

proposed instructions once she had realized that "one of the reasons that [defense counsel] requested the sidebar was he was making some decisions *with his client* and had asked me a question [about the proposed jury instructions]." This supports trial counsel's testimony that he had discussed the decision not to call Hardman as a witness with Hardman during the brief recess.

{¶20} Thus, to the extent that Hardman is arguing under this assignment that his trial counsel rendered ineffective assistance by failing to discuss with him whether he was going to be called as a witness, we disagree, and hold that trial counsel's performance was not deficient in this regard.

{¶21} Next, Hardman argues under this assignment that his trial counsel's strategic decision not to call Hardman as a witness was unreasonable, and the common pleas court erred in concluding otherwise. We are unpersuaded. There was competent, credible evidence presented to support the lower court's finding that trial counsel's decision not to call Hardman as a witness was a reasonable strategy. Trial counsel testified at the hearing that the decision not to call Hardman to testify was a tactical decision. Next, trial counsel explained that he made that decision because the trial court was going to instruct the jury on self-defense and voluntary manslaughter, and thus, Hardman's testimony was unnecessary to secure those instructions. Additionally, trial counsel testified that in his professional assessment, he did not think that Hardman would make a good witness. He explained that Hardman was easily agitated, had a criminal record, and could not adequately explain why he had left the house and then returned or why he did not call the police after the shooting or why he had hidden his gun.

{¶22} Considering the foregoing, we cannot conclude that Hardman received ineffective assistance of counsel by trial counsel choosing not to call Hardman as a witness. Thus, we cannot conclude that the common pleas court abused its discretion in denying this claim. Accordingly, the first assignment of error is overruled.

Plea Negotiations

**{¶23}** In his second assignment of error, Hardman argues that his trial counsel was ineffective in advising him to reject the state's plea offer. A trial counsel is ineffective when counsel, aware of a plea offer, either fails to inform his client of the offer or encourages his client to reject the offer based on incorrect advice, and after trial the defendant receives a more severe sentence than would have been imposed under the plea agreement. *Missouri v. Frye*, 566 U.S. 134, 145, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012); *Lafler v. Cooper*, 566 U.S. 156, 170-171, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012).

**{¶24}** There was no evidence presented on this claim at the evidentiary hearing. The only evidence before the common pleas court was the affidavits of Hardman and his family members. And that evidence did not demonstrate that trial counsel had incorrectly conveyed the plea offer to Hardman or that trial counsel had failed to investigate the case prior to advising Hardman to reject the plea, or misadvised Hardman as to the applicability of self-defense. It merely showed that trial counsel believed that an affirmative defense of self-defense was meritorious, and that Hardman had made the decision to trust him.

**{¶25}** The common pleas court found that trial counsel's advice to reject the plea and proceed to trial was not unreasonable given that "an erroneous strategic prediction about the outcome of a trial is not necessarily deficient performance." *Lafler v. Cooper*, 566 U.S. 156, 174, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012). The common pleas court noted that both trial counsel and Hardman had believed that a self-defense claim had potential merit considering Hardman had stayed in his car on the road, where he had a right to be, during the time he had engaged with the victim, and that the victim had broken away from the people restraining him, and had then moved quickly towards Hardman, threatening to pull him out of the car. The court also noted the large size of the victim and that it was dark outside, making it difficult to see whether the victim had a weapon. Although trial counsel's prediction about the outcome of the trial was wrong, it was a

prediction and not a guarantee. Trial counsel's advice to reject the plea was not unreasonable given that he was successful in obtaining jury instructions on self-defense, indicating that there was enough evidence presented to support a claim of self-defense, as well as an instruction on voluntary manslaughter, an inferior-degree offense.

**{¶26}** Based on the foregoing we cannot conclude that trial counsel's performance was deficient, and thus, we cannot say that the trial court abused its discretion in denying this claim. The second assignment of error is overruled.

**{¶27}** Because there was competent, credible evidence to support the common pleas court's decision denying Hardman's two postconviction claims of ineffective assistance of counsel, we hold that the lower court did not abuse its discretion in denying Hardman's petition for postconviction relief.

**{¶28}** The judgment of the common pleas court is affirmed.

Judgment affirmed.

**CROUSE** and **KINSLEY, JJ.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.